## PHELPS v. WINTERS & HILL ET AL.

1. **Chattel Mortgage:** TRANSFER OF MORTGAGOR'S INTEREST: PRIORITY OF CLAIMS UPON. Where the sheriff had possession of a stock of goods for the purpose of selling the same under a chattel mortgage, and before the sale, a writ of attachment in a suit against the mortgagors was placed in his hands, which he levied on the goods subject to the mortgage, and the suit proceeded to judgment, and a special execution issued therein which was also placed in the sheriff's hands and by him levied on the goods subject to the mortgage, and it was then agreed by, and between the mortgagors, the mortgagees and the attaching creditors, that the goods should be sold in bulk under the mortgage, the mortgage satisfied, and the residue applied on the attachment, and the goods were sold accordingly, but before the payment of the purchase money, the sheriff was garnished at the suit of plaintiff against the mortgagors: *held*, that the agreement between the mortgagors, the mortgagees and the attaching creditors operated as a transfer of the mortgagor's equity of redemption, and took priority over the subsequent garnishment of the plaintiff.

*Appeal from Cass District Court.*

FRIDAY, OCTOBER 20.

THIS is a controversy between the plaintiff and W. H. Applegate & Co. as to their right to priority as creditors of the defendants, Winters & Hill, in a certain balance of the proceeds of a stock of goods which were taken and sold on a chattel mortgage. There was a demurrer to the petition of intervention of W. H. Applegate & Co., which was sustained, and they appeal.

*A. S. Churchill*, for appellant.

*Chapman & Chapman*, for appellees.

ROTHROCK, J.—It appears that the stock of goods of Winter & Hill was in the possession of one Mullins, who was the sheriff of Cass county, and was held by him for the purpose of foreclosing a chattel mortgage thereon in favor of Rutt & Milner. While the goods were thus in the hands of the sheriff, Applegate & Co. commenced an action in attachment before a justice of the peace against Winters & Hill, and the attachment was by the sheriff levied upon the goods, subject to the chattel mortgage. The case proceeded to judgment, and special execution was issued and delivered to the sheriff, and he levied the same on the goods subject to the chattel mortgage. The property was sold in bulk under the mortgage, and for more than enough to satisfy the same. After the sale but before the payment of the purchase money, the plaintiffs commenced an action against Winters & Hill, and garnished the sheriff, claiming that the balance of the purchase money which was to come into his hands was liable to be attached as money coming to Winters & Hill.

The intervenors, in addition to the above facts, set forth in their petition the following: "That prior to said sale it was agreed by Winters & Hill and intervenors and Rutt & Milner that the property should be all sold under the chattel mortgage in bulk, and the mortgage first paid, and the balance applied on the other attachments in the order of levies," and that this was known to the plaintiff at the time of his attachment. The main ground of the demurrer was that Winters & Hill had no interest in the stock of goods subject to the levy of intervenors' attachment, there being a chattel mortgage thereon then unsatisfied.

In *Doane & Co. v. Garretson*, 24 Iowa, 351, it was held that the mortgagor of chattels has an equity of redemption therein, even after condition broken, and that a mortgagee who has taken possession of the property after such breach is liable to garnishment at the suit of a creditor of the mortgagor for any surplus remaining after the payment of the mortgage. Since that decision was made, we believe the usual

practice has been to reach the surplus in such cases by garnishment. But in the case of *Gimble, Florshime & Co. v. Ferguson, garnishee*, 58 Iowa, 414, it was held that the equity of redemption of a mortgagor of chattels would pass to an assignee for the benefit of creditors and that such assignee cannot be held as a garnishee of the defendant in a proceeding instituted subsequent to the assignment. Upon the same principle the agreement made in this case by Winters & Hill with Applegate & Co., and Rutt & Milner, the mortgagees, that the property should be sold in bulk and the balance applied upon the attachments, operated as a transfer of this equity of redemption of the mortgagor, and took priority over the subsequent garnishment of the plaintiff. We can see no good reason why such an agreement should not be sustained, and we think the court erred in sustaining the demurrer.

REVERSED.