■ In the Matter of the Claim of Joseph Maycheck, Jr., Respondent, v Tibbets Water & Waste, Inc., et al., Appellants. Workmen's Compensation Board, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 3, 1976. Claimant injured his left leg while playing softball in a Troy city recreation league on a team which included coemployees and was formed under the sponsorship of the employer's assistant superintendent. Claimant filed for workmen's compensation benefits. The employer then filed its report of injury in which it admitted that the claimant had been injured while "playing baseball after work with the company team". Furthermore, it provided claimant with immediate medical care. The employer now contends that the accident did not arise out of and in the course of the claimant's employment, conceding only that it had derived "some advertising benefit from having its name on the back of the jerseys worn by the team members". The employer's appeal is based on the contention that the assistant superintendent of its company, who solicited the players from the company, was acting solely as a private person with no authorization from the employer. The evidence is to the contrary. Claimant testified that he was approached by his supervisor and asked if he would join a softball team affiliated with the employer, which "they" were starting in the Troy city league. He further testified that he agreed, because, as a newly employed subordinate, "I thought it would be security in the com-

pany". Claimant further testified he was furnished, without cost, a uniform which bore the name of the employer, that as far as he knew, the company had bought the uniforms and the other equipment for the team, and that other coworkers were on the team. The assistant superintendent testified that he had organized the team under the employer's name and had solicited subordinate employees as players. It should be noted that the assistant superintendent stood fourth in the corporate management line of authority. Substantial evidence supports the decision of the board based on the apparent authority of the assistant superintendent to organize a recreational activity on the corporate employer's behalf. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.