113 Pa. Commonwealth Ct. 80 (1988)
536 A.2d 492
Richard Scott, Petitioner
v.
Workmen's Compensation Appeal Board (Packaging Corporation of America), Respondents.
No. 2938 C.D. 1986.
Commonwealth Court of Pennsylvania.
Argued September 15, 1987.
January 26, 1988.
Argued September 15, 1987, before Judges BARRY and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.
Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March, for petitioner.
*81 George C. Werner, Barley, Snyder, Cooper & Barber, for respondent, Packaging Corporation of America.
OPINION BY SENIOR JUDGE BARBIERI, January 26, 1988:
Richard Scott, Claimant, appeals here an order of the Workmen's Compensation Appeal Board (Board), in which the Board reversed an award to Claimant by a referee. We will reverse.
This case involves an injury to an employee incurred while engaged in a softball game on a team sponsored by his Employer, Packaging Corporation of America. The facts are that Claimant had been a member of the softball team for four years; the team was entered in the Industrial League and played softball against teams of other employers in the area; in the second year of the team's career it won the championship trophy which was displayed on the Employer's premises in the lunchroom for all employees to see; the Employer paid the entrance fee or membership charge for each year of the team's entry into the Industrial League and the Employer required bats, balls and other equipment to be kept on the company premises, these items having been paid for by the Employer. The company name "PACKAGING" was displayed on the uniform shirts; the Employer paid $30 toward the cost of each uniform. The umpires at each game were paid for by the Employer and a raffle was permitted to be held in cooperation with the Employer and the members of the team on the Employer's premises during working hours in order to help gain more financial support for the team. In addition, schedules were passed out at the plant, a copy of which was given to the Employer. As noted by the referee, the Employer has since withdrawn its support from the team which has resulted in the disbanding of the team for lack of Employer support.
*82 The injury and disability are not in dispute. Claimant's injury, a triple fracture of the left humerus shaft with damaged nerves, was incurred by him as a result of a sharp relay throw from short left field to home plate. He was immediately hospitalized with the application of a cast and splint for some seven weeks. The referee's principal findings on the issues with which we are concerned here are as follows:
9. I have reviewed all the testimony regarding whether or not the baseball team on which the Claimant played was an employer-sponsored team. I find that from 1980 through 1984, the employer did in fact sponsor this softball team in an industrial league in which the employer paid the teams' entrance fee of $100.00; the employer paid $30.00 for each of the uniforms, each of which had the name of the employer, `packaging,' on the front side of the uniforms; the employer paid the empire [sic] fees for each game including the one the Claimant was injured; the company paid for the bats and balls and these were stored after each game within the employer's property; that the employer displayed a trophy on its premises which was won by the company-sponsored team in 1982; and that immediately after this injury, the employer withdraw [sic] its sponsorship and financial support of the team. Further that the employer was given a schedule of the games to be played and that the injury occurred at one of these regular scheduled games.
12. The Defendant failed to establish a reasonable basis for contest. Witnesses on behalf of the employer presented testimony which supports the Claimant's allegations. Basically the witnesses admitted supporting a company sponsored *83 baseball team although they did not realize the legal ramifications of the insurance coverage. However, this latter point is not a valid basis to contest a claim once the employer was aware of or should have been aware of the law in Pennsylvania.
The referee in his Conclusions of Law concluded the following:
2. The the Claim suffered a severe work-related injury on May 20, 1984, while playing on a company-sponsored softball team in an industrial league. The nature of the injury was immediate and direct to the incident and Claimant's testimony was sufficient to establish disability.
. . . .
7. Defendant failed to raise a reasonable basis for contest.
On Employer's appeal to the Board, the Board agreed that Claimant's injury was sustained while he was "engaged in the furtherance of the business or affairs of the employer," Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act),[1] nevertheless, reversed the referee stating:
Section 301(c) of the Act provides:
`The term injury arising in the course of employment. . . shall include all injuries sustained while the employee's [sic] actually engage in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere . . .'[[2]]
There would seem to be little argument that the Claimant was `engaged in the furtherance *84 of the business or affairs of the employer.' Regardless, it is fundamental that the law has been extended to include off-premises activities. See Muir v. Wilson Coal Co., 194 Pa. Super. 487 (1961).
Moreover, it is clear that the employer sponsored the softball team, paid the team's entrance fee, and also paid for each of the uniforms.
. . . .
We should seek to encourage companies to finance non-work related athletic teams and events, rather than see them withdraw support because they are shocked, stunned and amazed at the extension of the law based on illogical notions.
Since we agree with the referee and Board that Claimant's injury was suffered while he was "engaged in the furtherance of the business or affairs of the employer," but do not share the Board's view that it is a matter for the Board or for this Court to rule out as a matter of policy, rather than the Legislature, injuries suffered in employment in the form of employer-sponsored sporting activity, we will reverse and reinstate the referee's award. As will appear, however, we cannot support the referee's assessment of counsel fees against the Employer.
The main question, of course, is whether Richard Scott's injuries were "sustained while [he] [was] actually engaged in the furtherance of the business or affairs of the employer. . . ." Section 301(c)(1) of the Act, 77 P.S. §411. This issue is one of law to be determined on the facts found by the compensation authorities Feaster v. S. Kelso & Sons, 22 Pa. Commonwealth Ct. 20, 347 A.2d 521 (1975). Furthermore, as we stated in Feaster, "[t]he phrase `actually engaged in the furtherance of the *85 business or affairs of the employer' . . . must be given a liberal construction, and the evidence must be viewed in the light most favorable to the claimant who has the Board's[3] decision."
Feaster is a case involving a company-sponsored picnic, relying upon another picnic case, Miller v. Keystone Appliances, Inc., 133 Pa. Superior Ct. 354, 2 A.2d 508 (1933). Feaster met his death at the picnic which was sponsored by his employer. The court there stated:
The referee's finding that the purpose of the picnic was to promote the employer's interest in good relationships with his employees was a fair one and it supports the conclusion that the decedent was killed while engaged in the furtherance of the business or affairs of his employer.
Citing and relying upon Feaster, we upheld an award in Tredyffrin-Easttown School District v. Breyer, 48 Pa. Commonwealth Ct. 81, 408 A.2d 1194 (1979), also a picnic case. We there stated:
In that decision this Court recognized the importance to employers of social events which sustain good relationships and the morale of their employees.[4]
While we have not found in our case law any precise holding that serving on a company-sponsored softball team constitutes engaging "in furtherance of the business or affairs of the employer," we note that there are *86 decisions so holding by Courts of respected jurisdictions: Jewel Tea Co. v. Industrial Commission, 6 Ill. 2d 304, 128 N.E. 2d 699 (1955) (an injury playing softball in a company league where employer provided equipment and shirts carrying the company name, awarded trophies and otherwise encouraged activities of the league); Illinois Bell Telephone Co. v. Industrial Commission, 61 Ill. 2d 139, 334 N.E. 2d 136 (1975) (injury in company-sponsored softball game where employer supplied equipment and paid fees and otherwise supported this athletic activity); Complitano v. Steel & Alloy Tank Co., 34 N.J. 300, 168 A.2d 809 (1961) (injury in industrial league softball game, after hours on public playground  employer paid entrance fee and furnished equipment and uniforms carrying company name); Zengotita v. N. Y. Telephone Co., 58 A.D. 2d 930, 396 N.Y.S. 2d 921 (1977) (compensable injury in pre-season practice softball game; employer held to have sponsored the team where employer provided equipment, paid for players' refreshments and the team was part of an official league); Maychek v. Tibbets Water & Waste, Inc., 61 A.D. 2d 862, 401 N.Y.S. 2d 916 (1978) (uniforms bearing employer's name and supplied by employer, employer conceding that there was advertising benefit from having its name on the uniforms); and Rafti v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 20 A.D. 2d 592, 245 N.Y.S. 2d 223 (1963) (injury during game off of employer's premises, employer-sponsored softball team  employer paid league dues, provided uniforms and allowed recruiting on company time). See also Columbia Gas of Ohio, Inc. v. Sommer, 44 Ohio App. 2d 69, 335 N.E. 2d 743 (1974); Le Bar v. Ewald Brothers Dairy, 217 Minn. 16, 13 N.W. 729 (1944). See also Larson Workmen's Compensation Law, Volume 1A, Section 22.24(a) pp. 5-131 to 5-139. Employer relies heavily on the Massachusetts case, Kemp's Case, 386 Mass. 730, *87 437 N.E. 2d 526 (1982). Kemp's Case, however, must be ruled out as an applicable authority here for the simple reason that its statutory basis is quite clearly distinguishable from the Pennsylvania course of employment provisions on which we must base our decision here.[5] Thus, in Kemp the appellate court of Massachusetts was construing that State's statutory employment clause that the employee's injury to be compensable must be one "arising out of and in the course of his employment," G.L.C. 152, §26 as amended through St. 1973, c. 855, §1, whereas Section 301(c)(1) of the Act, after providing similarly to the Massachusetts clause that the employee's "injury" must be one "arising in the course of his employment and related thereto," Id., further broadens the scope of compensable injury as follows:
. . . but [compensable injury] shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer. . . . (Emphasis added.)
As the foregoing opinion demonstrates, it is this latter provision which is the key to our determination of the employment issue in this case.[6]
Finally, we note that the Board has left unchallenged the findings of the referee and has in fact approved the key finding that the injury was in the course of the *88 Claimant's employment. As we have previously stated, however, the Board's conclusion on which it reverses the referee is not supported by legal principles and authorities which we feel are the appropriate ones on which the determination in this case should be made; and, furthermore, the Board's decision is not one of law, but is one of policy, which we believe is the sole prerogative of the legislature.
As regards the second issue raised here, we cannot support the referee's Finding of Fact No. 12, that Defendant has failed to establish a reasonable basis for the contest and, therefore, is responsible to pay Claimant's counsel fees. As we have indicated previously in this opinion, there are no prior Pennsylvania decisions specifically involving company-sponsored softball teams, such as the one in this case. On the whole, we cannot conclude that there was no reasonable basis for contest here.
For the reasons stated, we will reverse the Board's denial of benefits, reinstating the referee's award, except for his order that Claimant's counsel fees be paid by the Defendant.

ORDER
NOW, January 26, 1988, the order of the Workmen's Compensation Appeal Board dated September 12, 1986, as of No. A-90197, is hereby reversed and the Referee's award of benefits is reinstated, except as to Claimant's counsel fees, which shall be paid out of the Claimant's award.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §411.
[2] The Board's quote from Section 301(c) is not precisely accurate, but the differences are slight and not significant.
[3] The injury in Feaster occurred prior to the amendments of 1972 which made the referee the ultimate trier of fact issues rather than the Board. Universal Cyclops Steel Corp. v. Krawczynski, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).
[4] The claimant in that case was a volunteer assistant coach, his regular duty being teacher at the high school. He was attending a picnic on the premises of the head track coach, when he suffered the loss of sight in his right eye resulting from the eye being struck by a football.
[5] We are mindful that there has long and frequently been pronounced by our appellate courts the caveat that cases from other jurisdictions, because of their statutory differences, may only be of assistance when they construe provisions that are substantially similar. See Dunn v. Trego, 279 Pa. 518, 523 (1924); Moffett v. Harbison-Walker Co., 339 Pa. 112, 117, 14 A.2d 111, 114 (1940); Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454, 457 (1921).
[6] We note also that the Massachusetts court's order in Kemp remanded, leaving open to the Board's discretion whether to take further testimony.