Carol Ann Feaster, Widow of Howard Feaster, Deceased, *v.* S. K. Kelso & Sons and Employers' Liability Assurance Group, Appellants.

Argued October 6, 1975, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Roger B. Wood,* with him *David L. Pennington,* and *Harvey, Pennington, Herting & Renneisen, Ltd.,* for appellants.

*Larry A. Colston,* with him *Joseph A. McNeal,* and *James N. Diefenderfer,* for appellee.

OPINION BY JUDGE ROGERS, November 19, 1975:

This is the appeal of an employer and its insurance carrier from an order of the Court of Common Pleas of Philadelphia County affirming an award of compensation by the Workmen's Compensation authorities on a Fatal Claim Petition filed by and on behalf of a widow and children of a deceased workman.

The facts were stipulated by the parties as follows:

"The late Howard Feaster was employed by the defendant, S. K. Kelso & Sons, whose place of business is 9 East Athens Avenue, Ardmore, Pennsylvania, for a period of approximately two years prior to October 8, 1966. On Saturday, October 8, 1966, a regular non-working day, Howard Feaster went to the Pine Swamp Recreation Area, owned by Bill Ashenfelter, in Warwick, Pennsylvania. He was not paid while travelling to that location or while at that location. Employees of S. K. Kelso & Sons, including Howard Feaster, occasionally worked overtime. Claimant did not work overtime the day of the accident. Howard Feaster went to the Pine Swamp Recreation Area for a picnic attended by some of the employees of S. K. Kelso & Sons on a voluntary basis. He traveled to the picnic site with another employee of S. K. Kelso & Sons, either Robert McGraw or Samuel Leak, because he did not have a car of his own and needed a lift. Robert McGraw was to start the fire for the picnic and to cook the food for the people attending. The food was supplied by S. K. Kelso & Sons. The picnic was announced by means of the poster which is attached to this statement of facts.[1] No rent was paid for use of the picnic grounds. One previous picnic had been held at the same location and before that, picnics were held for a number of years at a public park in Delaware County. There was no organized program of activity and no speeches were scheduled to be given at the picnic. While at the picnic Howard Feaster drowned.

. . . .

---

1. The poster contained the following writing:
"S. K. KELSO & SONS—PICNIC
SAT—10-8-65
NOON TO DARK
FOOD & BEVERAGE PROVIDED
BRING FISHING RODS
BILL ASHENFELTER'S RECREATION CENTER
WARWICK, PA — PHONE 286-9322"

"The parties are agreeable that the facts set forth in this document be accepted by the Referee as having been established as though testimony had been taken. It is the contention of the claimant that she and her children are entitled to compensation and it is the contention of the employer that the claimant and her children are not entitled to compensation."

The stipulation was committed to a referee who found, in addition to the facts contained in the stipulation, that the picnic promoted good employee-employer relationships.

The issue is whether Mr. Feaster's death was "sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer. . . ." The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411. This issue is one of law to be determined on the facts found by the compensation authorities. *Farrell v. The House of Seagram, Inc.,* 8 Pa. Commonwealth Ct. 69, 301 A.2d 121 (1973) ; *Henry v. Lit Brothers, Inc.,* 193 Pa. Superior Ct. 543, 165 A.2d 406 (1960). The phrase "actually engaged in the furtherance of the business or affairs of the employer" (usually expressed in the more restrictive term "in the course of employment") must be given a liberal construction, and the evidence must be viewed in the light most favorable to the claimant who has the Board's decision. *Maher v. Hallmark Cards, Inc.,* 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966).

It is not surprising that both parties rely on the leading Pennsylvania appellate decision, *Miller v. Keystone Appliances, Inc.,* 133 Pa. Superior Ct. 354, 2 A.2d 508 (1933). In *Miller* the employee died as the result of injuries sustined in an automobile accident while returning to his home from a picnic given by his employer. Compensation was awarded. The appellants here point to circumstances in *Miller,* the absence of which in the instant case they contend compel a different result. These

circumstances were that in *Miller* the decedent's immediate superior directed his attendance at the picnic and other employees made a record of the decedent's and others' attendance. It is true that the Superior Court noted these facts as indicative of the employer's interest in his employees' attendance. The *Miller* opinion does not, however, state that these facts were controlling; and indeed it concludes with language recognizing the importance to employers of social events which sustain the morale and interest of their employees.

In *Saylor v. Gehley's Carpet Store,* 9 Pa. D. & C. 509 (1927), compensation was awarded for the drowning death of an employee while attending a company picnic. The appellants distinguish this holding on the ground that the employees in *Saylor,* although not compelled to attend, were paid during their attendance at the outing. Again, however, the court emphasized the interest of the employer in obtaining the good will of its employees by providing social events. In *Plengis v. Cleland Simpson Co.,* 65 Lack. Jur. 117 (1963), on which the appellants rely, compensation was disallowed for an injury occurring at the dinner dance for employees provided by their employer. The case is not good authority because its holding is based on the asserted conclusiveness of what the court erroneously described as a finding of fact by the Workmen's Compensation Board that the claimant was not engaged in furthering the employer's business while attending the party.

In short, we hold that findings that employees were directed or requested to attend the employer's social event or that they were paid for attending, although clearly relevant, are not essential to the validity of a conclusion as a matter of law that employees injured while attending such events are engaged in the furtherance of their employers' business or affairs. Our holding is consistent with recent decisions in other jurisdictions on the sub-

ject[2] as well as recent legislative and judicial trends toward liberalizing the principles to be applied in determining entitlement to Workmen's Compensation benefits.

The stipulation here filed establishes that the picnic at which Mr. Feaster met his death was sponsored by the employer for its employees and their families, that food was supplied by the employer, that the picnic was announced by a poster at the place of employment and that such affairs had become an annual custom with this employer. The claimant was entitled to the most favorable inferences deducible from the evidence. *Flexer v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 405, 317 A.2d 53 (1974). The referee's finding that the purpose of the picnic was to promote the employer's interest in good relationships with his employees was a fair one and it supports the conclusion that the decedent was killed while engaged in the furtherance of the business or affairs of his employer.

Order affirmed.

President Judge BOWMAN dissents.

---

2. *Sica v. Retail Credit Co.,* 245 Md. 606, 227 A.2d 33 (1967); *McCarty v. Workmen's Compensation Appeals Board,* 12 Cal. 3d 677, 527 P.2d 617, (1974). Our holding is not inconsistent with our recent decision in *Nationwide Insurance Company v. Workmen's Compensation Appeal Board,* 21 Pa. Commonwealth Ct. 243, 344 A.2d 756 (1975), which is clearly distinguishable on the facts.