Tredyffrin-Easttown School District, Petitioner
*v.* James A. Breyer, Respondent.

Argued November 13, 1979, before Judges Wilkinson, Jr., Rogers and MacPhail, sitting as a panel of three.

*Michael P. McKenna* for petitioner.

*Robert A. Detweiler* for respondent.

Opinion by Judge Wilkinson, Jr., December 18, 1979:

Petitioner (School District) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's dismissal of the

respondent's (claimant) petition for compensation and remanded for determination of the benefits payable. We affirm.

Claimant was a math teacher at Conestoga High School (Conestoga) in the School District and a volunteer assistant coach for the Conestoga track team. Claimant's voluntary services were approved by the Conestoga athletic director. Whenever it was necessary for the claimant to leave school early to attend a track meet, Conestoga would help provide somebody to cover his classes.

On May 28, 1974, the head track coach held a picnic at his home for the track coaches, including the claimant, and the senior members of the Conestoga track team. Similar picnics had been held at the head coach's house for ten years to honor graduating seniors on the track team and to discuss track matters and the students' future plans. The Conestoga administration loaned tables and chairs for the picnic but contributed no food, money, or personnel.

While at the picnic claimant was struck in the right eye by a football. The injury resulted in the loss of sight in his right eye for all practical intents and purposes. Claimant thereafter petitioned for workmen's compensation benefits.

The issue in this case is whether the claimant's eye injury was sustained while he was ''actually engaged in the furtherance of the business or affairs of the employer.'' Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1). The determination of whether an employee is in the course of his employment at the time of injury is one of law based upon findings of fact. *Aluminum Co. of America v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977). ''The phrase 'actually engaged in the furtherance of the

business or affairs of the employer' (usually expressed in the more restrictive term 'in the course of employment') must be given a liberal construction. ...'' *Feaster v. S. K. Kelso & Sons,* 22 Pa. Commonwealth Ct. 20, 23, 347 A.2d 521, 523 (1975).

Both litigants rely upon this Court's decision in *Feaster, supra,* where we held that there was substantial evidence supporting the conclusion that the death of an employee who drowned at an employer's picnic was suffered in the course of his employment. In that decision this Court recognized the importance to employers of social events which sustain good relationships with and the morale of their employees. It cannot be gainsaid that the picnic in the instant case promoted the School District's interest in good relationships between its teachers and their students and the vitality of its athletic programs.

The School District, through its employees, encouraged the claimant to participate in extracurricular activities with his students. The picnic for senior members of the track team was an eleven year tradition and a normal part of the activities involved in the track and field program at Conestoga. Claimant went to the picnic in furtherance of activities on behalf of which the School District approved the claimant's voluntary services. The Board's conclusion as a matter of law that the claimant's eye injury was sustained in the course of his employment is proper.

Accordingly, we will enter the following

ORDER

AND Now, December 18, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-74016, dated September 7, 1978, reversing the decision of the referee and remanding to him for determination of the benefits payable to James A. Breyer, is affirmed.

DISSENTING OPINION BY JUDGE MACPHAIL:

I respectfully dissent.

As stated in the majority opinion, the Claimant was a volunteer assistant track coach at his own request. The picnic at which the Claimant was injured was not a school sponsored function nor was it held during school hours. While the Claimant was invited to attend the picnic, he was under no duty to do so. The picnic was held at the track coach's private home. The only connection between the School District (Claimant's employer) and the picnic itself was that some administrators were aware that the event was occurring and some School District furniture had been borrowed for use during the picnic.

Under such circumstances I am convinced the referee reached the correct conclusion that at the time the Claimant received his injury, he was not in the course of his employment nor was he furthering the business or affairs of his employer.

Accordingly, I would reverse the Board and deny benefits.