563 A.2d 1284

**Yvonne O. MANN, Administratrix of Estate of Scott A. Mann, Deceased, Appellant,**

v.

**CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 8, 1989.

Decided Sept. 8, 1989.

Stephen T. Saltz, Daniels, Saltz & Mongeluzzi, Ltd., Philadelphia, for appellant.

Anna C. Pace, Chief Asst. City Sol., Barbara R. Axelrod, Divisional Deputy Sol., Norma S. Weaver, Deputy in Charge of Claims, and Seymour Kurland, City Sol., Philadelphia, for appellee.

Before BARRY, McGINLEY and SMITH, JJ.

McGINLEY, Judge.

Yvonne O. Mann (Appellant), administratrix of the estate of her son, Scott A. Mann (Decedent) appeals from an order of the Court of Common Pleas of Philadelphia County which granted a motion for summary judgment on behalf of the City of Philadelphia (City) dismissing Appellant's lawsuit against the City.

During July 1981, Decedent was hired by the City as a temporary employee as a lifeguard. Decedent, who had completed his junior year in high school, began working on July 6, 1981, at the Island Road Recreation Center in the City. Decedent worked eight hour days from 11:00 a.m. to 8:00 p.m. and was given an unpaid one hour dinner break. From July 6, 1981, through August 8, 1981, Decedent took his dinner break between 4:00 p.m. and 5:00 p.m. The record indicates that Decedent began work on August 11, 1981, at 11:00 a.m. and took his dinner break at 5:00 p.m. when the pool was closed to the public for the 5:00 p.m. to 6:00 p.m. dinner hour. (Reproduced Record, (R.R.) at 86a–90a.) George Wiley, a fellow employee working as a pool maintenance attendant, testified by deposition that at approximately 5:00 p.m. Decedent purchased some food at a nearby convenience store and consumed some pretzels before entering the pool. (R.R. at 86a, 89a.) Approximately five minutes after Decedent entered the pool and began swimming he drowned. (R.R. at 86a.)

In a "Participant and Spectator Injury Report," completed by George Wiley after the incident, Wiley stated that Decedent was swimming the breast stroke and was on one of his returns across the pool when he stopped and appeared to search for something on the bottom of the pool.

(R.R. at 118a.) Wiley and Reginald Armstead, a lifeguard, pulled Decedent out and attempted to resuscitate him. Wiley and Armstead continued their attempt until the rescue squad arrived and transported Decedent to the hospital. (R.R. 118a–119a.) A City "Employee Injury Report" described the injury as "sudden death by drowning" and listed Decedent as "on duty" at the time of the incident. (R.R. at 77a.)

On September 23, 1982, Appellant filed a fatal claim petition for workmen's compensation benefits under The Pennsylvania Workmen's Compensation Act (Act) of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031. The City subsequently agreed to pay workmen's compensation benefits.

On February 22, 1983, Appellant filed a civil action for damages against the City alleging that the pool was operated in a negligent manner at the time Decedent drowned.

The City filed an answer and alleged as new matter that Appellant's exclusive remedy is workmen's compensation. After completion of discovery, the City filed a motion for summary judgment on the basis that Section 303(a) of the Act, 77 P.S. § 481(a)[1] bars Appellant's claim. The common pleas court reasoned that Decedent was engaged in an activity clearly related to and in the scope of his employment at the time of his death and thus held that Decedent drowned during the course of his employment. Consequently, the common pleas court granted the City's motion for summary judgment and dismissed Appellant's negligence action against the City. Appellant appeals.

■■ Our scope of review of common pleas court's decision is limited to a determination of whether constitutional rights have been violated or whether the common pleas

1. Section 303(a) of the Act, 77 P.S. § 481(a) provides:
   (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

court abused its discretion or committed an error of law. *Jenkins v. McDonald*, 92 Pa.Commonwealth Ct. 140, 498 A.2d 487 (1985).

A motion for summary judgment may properly be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). Summary judgment is only appropriate in a case which is clear and free from doubt and all doubts as to the existence of a material fact must be resolved against the moving party. A fact is material if it directly affects the disposition of a case. *Allen v. Colautti*, 53 Pa.Commonwealth Ct. 392, 417 A.2d 1303 (1980).

Section 301(c) of the Act, 77 P.S. § 411 defines "injury" and "injury arising in the course of employment" as follows:

> The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto....

> The term 'injury arising in the course of employment' as used in this article, ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employee's presence thereon being required by the nature of his employment.

The common pleas court reasoned that Decedent was a lifeguard and was swimming at the time of his death and was thereby engaged in an activity related to and in the

scope of his employment. As a result, the common pleas court held that the facts as reflected in the pleadings, memoranda and exhibits establish Decedent was in the course of employment when he drowned.

■ Whether an employee was acting in the course of his employment at the time of his injury is a question of law to be determined on the basis of the findings of fact. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 94 Pa.Commonwealth Ct. 540, 503 A.2d 1096 (1986).

Appellant contends that Decedent was not within the scope of his employment at the time of his death, that his presence was not required at the pool and that Decedent's swimming was personal and recreational in nature. There is no question that Decedent while on unpaid dinner break, was swimming laps in the pool at a time when it was closed to the public.

■ In *Pypers v. Workmen's Compensation Appeal Board (Baker)*, 105 Pa.Commonwealth Ct. 448, 524 A.2d 1046 (1987), we stated that an employee will be considered to have suffered an injury arising in the course of employment: (1) where the employee is injured while actually engaged in furtherance of the employer's business or affairs; or (2) where the employee is injured on the premises of the employer, even though not actually engaged in furtherance of the employer's business or affairs, but only if the nature of his or her employment requires the employee's presence. *Pypers*, 105 Pa.Commonwealth Ct. at 450–451, 524 A.2d at 1048. Consequently, in order to determine if the common pleas court correctly determined whether Decedent drowned during the course of employment, we must review the trial court's determination that he was actually engaged in the furtherance of employer's business or affairs at the time of his death, or whether his presence at the pool was required when he drowned.

■ The phrase "actually engaged in the furtherance of the business or affairs of the employer," usually expressed

in the term "in the course of employment," must be given a liberal construction. *Tredyffrin–Easttown School District v. Breyer,* 48 Pa.Commonwealth Ct. 81, 408 A.2d 1194 (1979) (citing *Feaster v. S.K. Kelso & Sons,* 22 Pa.Commonwealth Ct. 20, 23, 347 A.2d 521, 523 (1975)).

In *Tredyffrin,* a high school track coach, hosting a picnic at his home for members of the track team, was struck in the right eye by a football which resulted in loss of sight in that eye. In that case the school district contributed no food, money or personnel; however, we reasoned that the school district encouraged the track coach, also a teacher, to participate in extracurricular activities with his students and held that the track coach was in the course of employment when he sustained his injury. *Tredyffrin,* 48 Pa.Commonwealth Ct. at 84, 408 A.2d at 1195.

In this case Patricia Link, City Recreation Department Program Supervisor, testified by deposition that in order to maintain a current Red Cross Lifesaver certificate, a City lifeguard must be able to swim at a certain rate for a certain amount of time and be able to perform certain types of strokes. (Supplemental Reproduced Record (S.R.R.) at 196b.)

■ In applying the analysis used in *Tredyffrin,* we agree with the common pleas court that Decedent was engaged in the furtherance of his employer's affairs at the time he drowned and was therefore in the course of his employment. Decedent's swimming was in furtherance of the employer's interest, whether or not it furthered his personal interest. First, Decedent had to maintain his swimming skills in order to maintain his Red Cross certification in order to be a City lifeguard. Second, Decedent was at the pool during his regular working hours (11:00 a.m. to 8:00 p.m.) at the time of the incident. Third, Decedent was only allowed into the pool at the time he drowned because he was a pool employee.

As a result, we conclude that there is no genuine issue as to whether Decedent, a lifeguard swimming laps at the City

pool during his dinner break, was engaged in an activity in furtherance of his employer's business or affairs and therefore in the course of his employment.[2] Accordingly, Decedent's death is compensable under Section 301(c) of the Act, 77 P.S. § 411(1), and Appellant's negligence action against the City for damages as a result of Decedent's death is barred by Section 303(a) of the Act, 77 P.S. § 481(a).

The order of the common pleas court granting the City's motion for summary judgment is affirmed.

## ORDER

AND NOW, this 8th day of September, 1989, the order of the Court of Common Pleas of Philadelphia County in the above-captioned proceeding granting the City of Philadelphia's motion for summary judgment is affirmed.

---

**2.** As a consequence of this holding, we need not address the issue of whether Decedent's presence was required on the premises at the time of his death.