569 A.2d 395

**Mark G. HEMMLER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CLARKS SUMMIT STATE HOSPITAL), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 1989.

Decided Jan. 26, 1990.

Thomas J. Jones, Scranton, for petitioner.

Daniel A. Miscavige, Hazleton, for respondent, Clarks Summit State Hosp.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

COLINS, Judge.

Mark G. Hemmler (claimant) petitions for review of a decision and order of the Workmen's Compensation Appeal Board (Board), which reversed the decision of the referee and denied benefits to claimant.

Claimant was employed as a custodian for Clarks Summit State Hospital (employer) on June 17, 1986, when he sustained an injury consisting of a sprain to the left ankle and torn ligaments while playing basketball with other employ-

ees in the gymnasium on employer's premises during his lunch hour break. Claimant sought benefits which were awarded by the referee. Employer appealed to the Board which reversed the referee in an opinion and order dated March 8, 1989. Hence, this appeal.

The sole issue presented for our review is whether claimant was in the course of his employment at the time of his injury. This question is one of law based upon the findings of fact. *Mann v. City of Philadelphia,* 128 Pa. Commonwealth Ct. 499, 563 A.2d 1284 (1989).

■ Where the burdened party has prevailed before the referee and the Board has taken no new evidence, this Court's scope of review is limited to a determination of whether any findings of fact necessary to support the adjudication are not supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart),* 118 Pa. Commonwealth Ct. 22, 544 A.2d 1078 (1988). The referee is the ultimate factfinder whose findings, if supported by substantial evidence, must be accepted. *Id.*

The referee made the following pertinent findings of fact:

5. In the best interest and welfare of defendant, defendant encouraged a program for their employees including claimant, to engage in activities to better their health, relieve stress of work and have a better mental attitude in the performance of their work.

6. Defendant did post on the employees bulletin board a directive listing publications for employees to read to better their health, which was introduced by claimant into evidence, marked Claimant's Exhibit No. 5, and a list of 'Nine (9) Steps to Prevent Burnout At Work', marked Claimant's Exhibit No. 6.

7. Defendant did have a gymnasium, which was used for patients and claimant, as well as other employees. The gym was used during breaks or lunch periods to play

basketball. Defendant was aware of its use and acquiesced in its use by employees.

8. On June 17, 1986, during lunch break, employees were using the employer's gym located on their work premises, playing basketball. Claimant joined in the game of basketball with his fellow employees and twisted his right ankle. Claimant was accompanied to the office by said employees and notified defendant and his supervisors of what happened. Claimant was allowed to drive himself to the South Abington Medical Center for treatment.

9. Louis Chervenak, employee of the defendant, was in charge of recreational facilities. He acknowledged community groups used the gym and when they were not using the gym, employees were allowed to use it. He further acknowledged on June 17, 1986, when claimant was injured playing basketball, he observed claimant and other employees and their supervisor playing basketball together.

.     .     .     .     .

11. This Referee finds from the credible evidence, claimant did sustain a work related injury on June 17, 1986 while playing basketball on the employer's premises, which activity was encouraged by his supervisors and employer and was in the best interest and furtherance of employer's business. That as a result of said work injury, claimant was disabled from June 17, 1986 to September 7, 1986, inclusive. Claimant is entitled to compensation for temporary total disability at the rate of $173.50 per week for this period.

Referee's Findings of Fact Nos. 5–9 and 11.

■ To be considered as having suffered an injury arising in the course of employment, an employee must either (1) be injured while actually engaged in furtherance of the employer's business or affairs; or (2) be injured on the premises of the employer even though not actually engaged in the furtherance of the employer's business or affairs, but only if the nature of his or her employment requires the

employee's presence. *Pypers v. Workmen's Compensation Appeal Board (Baker)*, 105 Pa. Commonwealth Ct. 448, 524 A.2d 1046 (1987).

Employer contends that claimant's injury is not compensable because at that time he was not required by the nature of his employment to be present on employer's premises. Because we conclude there is substantial evidence of record to support the referee's determination that claimant was injured while furthering the business of employer, we need not address employer's contention. The phrase "actually engaged in the furtherance of the business or affairs of the employer," which is usually expressed as "in the course of employment," is to be given a liberal construction. *Mann; Tredyffrin–Easttown School District v. Breyer*, 48 Pa. Commonwealth Ct. 81, 408 A.2d 1194 (1979); *Feaster v. S.K. Kelso & Sons*, 22 Pa. Commonwealth Ct. 20, 347 A.2d 521 (1975). "This is especially so when the injury occurs on the premises of the employer." *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 185–86, 305 A.2d 757, 763 (1973).

In *Tredyffrin*, the claimant (a high school track coach) was injured while hosting a picnic at his home for members of the track team. We held that the claimant's injury was compensable even though the picnic was not sponsored by the school district (employer) because the employer encouraged him to participate in extracurricular activities with his students and that his participation in such activities was in furtherance of the employer's interest. We cited to *Feaster* stating that "[i]n that decision this Court recognized the importance to employers of social events which sustain good relationships with and the morale of their employees." *Tredyffrin*, 48 Pa. Commonwealth Ct. at 84, 408 A.2d at 1195.

In *Mann*, decedent, employed as a temporary lifeguard, was swimming in the employer's pool during his dinner break when he drowned. The employer contended that decedent was not within the scope of his employment at the time of his death, because his presence was not required at

the swimming pool and his swimming was personal and recreational in nature. This Court applied the analysis used in *Tredyffrin* in concluding that the decedent was engaged in the furtherance of his employer's affairs at the time he drowned. We reasoned that regardless of whether or not decedent's swimming during his dinner break was personal and recreational, maintaining his swimming skills was in furtherance of his employer's interest. Additionally, the fact that decedent was in the pool during his regular working hours at the time of the incident, and that decedent was only allowed in the pool at that time because he was a pool employee further supported a finding of a compensable injury.

We believe the rationale in *Tredyffrin* and later applied in *Mann* is applicable to the facts now before us. There is ample evidence of record to support the referee's finding that employer encouraged its employees to participate in activities to improve their health, relieve the stress of their work and to promote a better mental attitude in the performance of their work. Claimant testified that employer posted information on the bulletin board encouraging employees to engage in sports activities and exercise to maintain proper weight and mental fitness. One such document listed various steps to prevent burnout at work, suggesting that employees learn stress management techniques such as meditation, yoga, relaxation, and/or jogging. N.T. pps. 39–43. Louis Chervenak, therapeutic recreation services manager for employer, testified that he was in charge of employer's recreational facilities and that those facilities were made available to employees. Notes of Testimony (N.T.) at pps. 66–70. He further testified that he had seen claimant play basketball with fellow employees and their supervisor on prior occasions. N.T. at 79. Claimant testified that he had been playing basketball during his lunch hour for a couple of months and that a few of the times his supervisor played with the group. N.T. at 37 and 39.

In light of the foregoing, we hold the referee committed no error in concluding that at the time of injury claimant

was engaged in an activity in furtherance of his employer's business and, therefore, was in the course of his employment. Accordingly, we will reverse the Board's denial of benefits, reinstating the referee's award.[1]

## ORDER

AND NOW, this 26th day of January, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the referee's award of benefits is reinstated.

---

1. We note that the three cases cited by the Board in support of its reversal, *City of Pittsburgh v. Workmen's Compensation Appeal Board (Schiller)*, 94 Pa. Commonwealth Ct. 156, 502 A.2d 800 (1986); *Weaver v. Workmen's Compensation Appeal Board (Ribstone Silos of Pennsylvania)*, 90 Pa. Commonwealth Ct. 262, 494 A.2d 882 (1985); and *Harris v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 470, 414 A.2d 765 (1980), are each factually distinguishable from the facts herein and have no application to this case whatsoever.