638 A.2d 477

**Kenneth COLUMBO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HOFMANN INDUSTRIES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 6, 1993.

Decided March 1, 1994.

Thomas J. O'Brien, for petitioner.

Stephen J. Harlen, for respondent.

Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Kenneth Columbo (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (WCAB)

affirming a referee's decision suspending Claimant's compensation benefits. We affirm.

On May 16, 1990, Claimant sustained an injury to his low back and right knee while working for Hofmann Industries (Employer) as a lift truck operator. After issuing a notice of compensation payable, Employer began paying temporary total disability payments to Claimant. In November 1990, Employer filed a petition for suspension of Claimant's benefits as of September 12, 1990. Claimant filed an answer denying that he was capable of returning to work and that work was available to him within his medical restrictions.

At hearings before the referee,[1] Employer presented the testimony of Ronald Tomko, its assistant human resources director. Mr. Tomko verified the accuracy of a document containing Claimant's job description (R.R. at 12a) and testified that Claimant's lift truck operator position was still available to him. (R.R. at 13a). Mr. Tomko further testified that, in order to accommodate Claimant's needs, Employer was willing to have someone other than Claimant do the lifting required to change the propane tanks on the lift truck. (R.R. at 13a).

Employer also offered the deposition testimony of Claimant's former physician, Dr. Charles R. McCrae, a board certified orthopedic surgeon. Dr. McCrae testified that as a result of the May 16, 1990 work injury Claimant sustained a tear in the media meniscus of his right knee which was repaired by arthroscopy on August 1, 1990. (R.R. at 42–44a). Dr. McCrae testified that Claimant's knee had improved significantly by September 12, 1990 and that, from the standpoint of Claimant's knee only, Claimant could return to work as of that date. (R.R. at 44a–45a). However, Dr. McCrae also testified that arthritis in Claimant's right ankle prevented him from returning to work. (R.R. at 47a). In Dr. McCrae's opinion,

1. Referees are now called Workers' Compensation Judges under the new amendments to the Workers' Compensation Act effective August 31, 1993. Because this case was before the Referee prior to the effective date of the amendments, however, we will refer to the Referee as such and not as Workers' Compensation Judge.

the difficulties Claimant had with his ankle were unrelated to Claimant's work injury. (R.R. at 46a).

Claimant testified that the lift truck operator position requires significantly more physical effort than Mr. Tomko's testimony indicated and that the job required constant lifting and climbing. (R.R. at 29a–33a).

Claimant also presented the deposition testimony of Dr. Jerome Wiesborg, board certified in internal medicine and rheumatology. Dr. Wiesborg testified that Claimant's low back and right knee work injuries had resolved by September 1990. However, he testified that Claimant had right ankle pain related to pre-existing inflammatory polyarthritis. In Dr. Wiesborg's opinion, Claimant's work-related injury had aggravated Claimant's right ankle condition. (R.R. at 74a–75a).

The referee accepted Dr. McCrae's testimony over Dr. Wiesborg's testimony to the extent of any inconsistencies between the two doctors' testimony. The referee also accepted Mr. Tomko's testimony to the extent of any inconsistencies between it and Claimant's testimony. Based on his findings of fact, the referee suspended Claimant's benefits as of September 12, 1990, concluding that Claimant's work related injury had decreased as of that date so that Claimant was able to return to his pre-injury position with modification and that Claimant's pre-injury position was available to Claimant. The WCAB affirmed.

On appeal,[2] Claimant first argues that the referee erred in suspending Claimant's benefits without making a finding that Claimant was advised of his medical clearance to return to his former position. Employer counters that Claimant waived this issue by not raising it before the WCAB. We agree. An issue which has not been raised before the WCAB may not be argued for the first time before this court. *Santarelli v. Workmen's Compensation Appeal Board (Pat-*

---

**2.** Our scope of review is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*rick Dougherty Construction)*, 113 Pa.Commonwealth Ct. 281, 537 A.2d 894 (1988).

Claimant also argues that the referee erred in considering Mr. Tomko's offer to accommodate Claimant by having someone else lift propane tanks for Claimant and that the referee erred in concluding that modified work was available to Claimant without receiving evidence that Employer previously notified Claimant of its willingness to modify Claimant's work. These arguments, however, are based on the premise that Employer must prove work availability under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987)[3] even where, as here, the referee has found that the claimant's loss of earnings was not caused by his work-related injury. We disagree with that premise.

As a general rule, an employer is entitled to a suspension of benefits if Claimant's disability has decreased to the point that Claimant can perform his pre-injury job or other work without loss of earnings and such work is available. *Carpentertown Coal & Coke v. Workmen's Compensation Appeal Board (Seybert)*, 154 Pa.Commonwealth Ct. 408, 623 A.2d 955 (1993). In *Carpentertown*, the claimant suffered a work-related heart attack. The referee found that, although the claimant never fully recovered from the heart attack, the claimant could have returned to his pre-injury work but for the claimant's pre-existing coronary artery disease. Although the employer never introduced any evidence of work availabili-

---

**3.** *Kachinski* set forth the following four-step analysis:

1. The employer who seeks to modify a claimant's benefits on the basis that [the claimant] has recovered some or all of [claimant's] ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that [the claimant] has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* 516 Pa. at 252, 532 A.2d at 380.

ty, this court suspended the Claimant's benefits, holding that where the employer has shown that despite the continuing presence of a work-related residual medical condition, the claimant's loss of earnings is due to a non-work-related injury or a preexisting condition, there is no need for the employer to show work availability. Similarly, here, the referee found that Claimant's knee and back injuries have resolved to the point that Claimant could return to his former work but for complications due to Claimant's pre-existing arthritic condition. Thus, under *Carpentertown*, Employer is entitled to a suspension even without showing that work, modified or otherwise, was available to Claimant.

Claimant further argues that the referee erred in disregarding Claimant's testimony about the physical requirements of his pre-injury position and, therefore, the referee's finding that Claimant was capable of performing his pre-injury job was unsupported by substantial evidence. Claimant states that although Mr. Tomko testified as to the accuracy of Claimant's job description, that job description contains unidentified "miscellaneous duties" which Claimant himself described when he took the stand. Claimant points out that the referee did not reject Claimant's testimony in its entirety but rather rejected it only to the extent that it conflicted with Mr. Tomko's testimony. According to Claimant, his own testimony regarding the physical activity required to perform the unidentified miscellaneous job duties was not inconsistent with Mr. Tomko's testimony and therefore the referee erred in disregarding that testimony in reaching the conclusion that Claimant could return to his former job but for Claimant's ankle problems. We disagree, as we believe Claimant's testimony did conflict with Mr. Tomko's testimony.

Mr. Tomko testified that the lift truck operator position involved no lifting except to replace the propane tank on the forklift (R.R. at 12a–13a) and that the operator would seldom be on his feet, most of the duties being actually on the truck. (R.R. at 76a). Claimant, on the other hand, testified that the lift truck operator position requires a great deal of

climbing and jumping, and that the person who performs the job is on and off the truck constantly. (R.R. at 29a–33a). The referee is the sole arbiter of credibility, vested with broad discretion to judge the credibility of testimony, and is free to reject or accept the testimony of any witness in whole or in part. *Northeastern Hospital v. Workmen's Compensation Appeal Board (Turiano)*, 134 Pa.Commonwealth Ct. 164, 578 A.2d 83 (1990); *Beebe v. Workmen's Compensation Appeal Board (Bendix Corporation)*, 112 Pa.Commonwealth Ct. 578, 535 A.2d 1236 (1988). If findings of fact by the referee are supported by substantial evidence, they must be accepted as conclusive. *Hemmler v. Workmen's Compensation Appeal Board (Clarks Summit State Hospital)*, 131 Pa.Commonwealth Ct. 24, 569 A.2d 395 (1990). Mr. Tomko's testimony, accepted by the referee over that of Claimant, provided sufficient evidence to support the referee's conclusion that Claimant could return to his job. Therefore, this court must not disturb that finding on appeal. *Id.*

■ Claimant's final argument is that the medical evidence of record does not affirmatively establish that the arthritic condition of Claimant's right ankle was unrelated to Claimant's work-related right knee injury. We reject this argument as another attempt to re-argue witness credibility before this court. Claimant's medical expert testified that Claimant's ankle problems were aggravated by Claimant's knee injury; Employer's medical expert testified that Claimant's ankle problems were entirely unrelated to Claimant's knee injury. The referee found Employer's expert to be more credible than Claimant's expert. Because the testimony of Employer's medical expert provides sufficient evidence to support the referee's finding, this court may not disturb that finding. *Id.*

For all of the foregoing reasons, we affirm.

## ORDER

AND NOW, this 1st day of March, 1994, the order of the Workmen's Compensation Appeal Board, dated February 16, 1993, is affirmed.