**Jacqueline PINN, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (HEMLOCK GIRL SCOUT COUNCIL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 1999.

Decided May 3, 2000.

Reargument/Reconsideration Denied July 13, 2000.

Robert D. Hamilton, Harrisburg, for petitioner.

Michael J. Crocenzi, Harrisburg, for respondent.

Before DOYLE, President Judge, COLINS, J., and LEADBETTER, J.

LEADBETTER, Judge.

Claimant Jacqueline Pinn appeals from the order of the Workers' Compensation Appeal Board (Board), which reversed the grant of her claim petition on the basis that she was not within the course of her employment when she suffered a disabling injury. The question presented for review is whether claimant's attendance at a bridal shower held on employer's premises during the lunch hour was in furtherance of employer's business or affairs such that the injury which she sustained at that time is compensable under Section 301(c) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).[1] After review, we affirm.

Claimant, a field director for the Hemlock Girl Scout Council (employer), sustained an injury to her right hand and arm while attending a co-worker's bridal shower on August 27, 1996. The shower was held during claimant's lunch hour in the basement of employer's building. Claimant's injury occurred when the bench upon which she was sitting collapsed. As a result of her fall, claimant developed carpal tunnel syndrome and reflex sympathetic dystrophy. In May 1997, claimant filed a claim petition alleging that she was completely disabled as of February 11, 1997, the date she underwent surgery on her right hand to correct the carpal tunnel syndrome. Employer filed an answer denying the material allegations of claimant's petition and litigation followed.

In support of her claim petition, claimant testified on her own behalf and offered the deposition testimony of two of her treating physicians. Regarding the issue of whether claimant's injury occurred within the scope of her employment, claimant testified that the shower was sponsored by "a committee, the accounting department" and that all the Hemlock Girl Scout Council employees in the building were invited. R. 34a. Claimant further testified that the shower occurred over the lunch hour and a potluck lunch was served. Although claimant's superiors attended the bridal shower, claimant stated that she was not required to attend, and she is free to leave employer's premises during her lunch break.

The Workers' Compensation Judge (WCJ) granted claimant's petition, finding claimant's testimony to be credible and convincing and concluding that she had met her burden of proving all elements of a compensable claim. The Board reversed on appeal concluding that "[a]side from providing venue for the shower, [employer] played no role in the shower, and there is no indication [c]laimant was in the furtherance of [employer's] business or affairs when she fell." *Pinn v. Hemlock Girl Scout Council*, No. A98–2052, slip op. at 5 (July 12, 1999). The present appeal followed.[2]

On appeal, claimant argues that the Board erred in reversing the grant of benefits because she was injured on employer's premises while attending an event sanctioned or sponsored by her employer and, therefore, she was actually engaged in the furtherance of the business or affairs of her employer at the time of her injury. In support of her position, claimant relies in part on *Hemmler v. Workmen's Compensation Appeal Board (Clarks Summit*

1. Section 301(c) provides that an employee may recover for injuries "arising in the course of his employment."

2. Based on the issue raised on appeal, our review is limited to a determination of whether an error of law occurred. *Moss v. Workmen's Compensation Appeal Bd. (Pennsylvania State Police)*, 160 Pa.Cmwlth. 457, 635 A.2d 242, 243 (1993).

*State Hosp.)*, 131 Pa.Cmwlth. 24, 569 A.2d 395 (1990), *Feaster v. S.K. Kelso & Sons*, 22 Pa.Cmwlth. 20, 347 A.2d 521 (1975) and *Mann v. City of Philadelphia*, 128 Pa. Cmwlth. 499, 563 A.2d 1284 (1989).

■ An employee is considered to have suffered an injury within the course of her employment where the employee either:
(1) [is] injured while actually engaged in the furtherance of the employer's business or affairs; or
(2) [is] injured on the premises of the employer even though not actually engaged in the furtherance of the employer's business or affairs, but only if the nature of [her] employment requires the employee's presence.

*Hemmler*, 569 A.2d at 397. Claimant contends that she is in the former category, namely that she was injured while in the furtherance of employer's business or affairs. Therefore, it is relevant to note that the phrase "actually engaged in the furtherance of the business or affairs of the employer," which is usually expressed as "in the course of employment," must be given a liberal construction, especially when the injury has occurred on the premises of the employer. *Id.* at 397–98. *See also Southeastern Pa. Transp. Auth. v. Workers' Compensation Appeal Bd. (McDowell)*, 730 A.2d 562 (Pa.Cmwlth. 1999).

In *Hemmler*, the claimant, a hospital employee, was injured during his lunch break while playing basketball with co-workers in the gym on employer's premises. The evidence presented demonstrated that the employer encouraged its employees to participate in activities to improve their health, relieve work-related stress and to promote a better mental attitude in the performance of their work. Employer also posted information on its premises encouraging employees to engage in sports activities and exercise to maintain proper weight and mental fitness. Further, the employer was aware that its employees used its gym during breaks and acquiesced in such use. Based on this evidence, the WCJ found that the claimant's gym activity was encouraged by both his supervisor and employer and was in the best interest and furtherance of employer's business such that claimant's injury occurred in the course of his employment. On appeal, this court affirmed. In doing so we noted that the record supported the WCJ's findings that the employer encouraged the claimant's activity and that by engaging in the activity, the claimant was furthering his employer's business. 569 A.2d at 398.

In *Feaster*, this court affirmed the grant of a fatal claim petition to the widow and children of a deceased workman who died at a company picnic held at a park on a non-working day. The evidence demonstrated that the picnic was announced by poster at the place of employment, similar affairs were an annual custom with the employer, the employees were not paid for their time spent at the picnic and the employer supplied the food at the picnic. Based on the evidence presented, the WCJ found that the purpose of the picnic was to promote the employer's interest in good relationships with his employees and benefits were granted. In affirming the grant of benefits, this court examined other decisions involving employee injuries at company picnics and noted that social events which sustain the morale and good will of employees are important to employers.[3]

Finally, in *Mann*, this court affirmed the grant of benefits to a lifeguard who was swimming in the employer's pool during his dinner break when he drowned. The employer argued that the lifeguard was not within the scope of his employment at the time of his death because his presence was not required at the pool and he was engaged in recreational swimming when he drowned. We disagreed, concluding that the lifeguard was furthering the affairs of his employer at the time he drowned because his swimming, whether or not it

---

3. *See Miller v. Keystone Appl., Inc.*, 133 Pa.Super. 354, 2 A.2d 508 (1938).

furthered a personal interest, was required to maintain the skills he needed to perform his job. We also noted that our conclusion was supported by the fact that the lifeguard was at the pool during his regular working hours and he was only allowed in the water at the time he drowned because he was a pool employee.

In considering whether claimant's attendance at the bridal shower was in furtherance of employer's affairs, our research has also led us to *Tredyffrin–Easttown School District v. Breyer*, 48 Pa.Cmwlth. 81, 408 A.2d 1194 (1979) and *Nationwide Insurance Co. v. Workmen's Compensation Appeal Board*, 21 Pa. Cmwlth. 243, 344 A.2d 756 (1975), both of which are instructive. In *Tredyffrin*, this court affirmed the grant of benefits to the claimant, a math teacher and volunteer assistant track coach, who lost the sight in his eye when he was struck by a football at a team picnic. The evidence demonstrated that the picnic was held by the head track coach to honor the graduating seniors and to discuss track matters and students' future plans. The picnic was an annual tradition and a normal part of the activities involved in the school's track program. Noting that our decision in *Feaster* "recognized the importance to employers of social events which sustain good relationships with and the morale of their employees," we concluded that "it cannot be gainsaid that the picnic in the instant case promoted the School District's interest in good relationships between its teachers and their students and the vitality of its athletic programs." 408 A.2d at 1195. Accordingly, we affirmed the Board's conclusion that the claimant's presence at the picnic was in furtherance of his employer's affairs.

Finally, in *Nationwide Insurance*, we reversed the award of benefits to a claimant who was killed on the way to a football game, the tickets to which he won as a prize for winning a promotional sales contest. The evidence demonstrated that the employer was unconcerned as to whether the contest winners actually attended the game and such winners were free to sell their tickets or give them away. Based on this evidence, we concluded that the football game was not an event at which association and fraternization among employees was encouraged by the employer. 344 A.2d at 757.

After a review of the above case law, it is clear that certain factors are considered important when determining whether an employee is furthering an employer's business or affairs when injured while engaging in a social or personal activity during a work break or non-work hours. First, as *Hemmler*, *Feaster* and *Tredyffrin* all demonstrate, in concluding that an employee was engaged in the furtherance of the business or affairs of the employer, much emphasis is placed on evidence demonstrating that the employer encouraged the activity at issue. Second, emphasis is also placed on a finding that the activity furthered a specific interest of employer. For instance, in *Feaster*, the WCJ made a specific finding that the purpose of the picnic was to promote the employer's interest in good relationships with its employees. Similarly, in *Tredyffrin*, the evidence demonstrated that track matters and the students' future plans were discussed at the picnic, leading us to the conclusion that the picnic promoted the school district's interest in good relationships between teachers and students and the success of its athletic program. Finally, *Mann* demonstrates that an employee is entitled to benefits when injured during an activity necessary to maintain the skills required by the employee's job. *See also Southeastern Pa. Transp. Auth. v. Workers' Compensation Appeal Bd. (McDowell).*

Applying the above principles to the instant case, we conclude that claimant has failed to demonstrate that she was furthering the business or affairs of employer at the time of her injury. Although in her brief, claimant places great impor-

tance on her claim that employer sponsored the bridal shower, the record lacks sufficient evidence to substantiate this assertion. Her testimony was that "the accounting department" hosted the event. There is no evidence that the accounting department held the shower on behalf of employer, but merely that the members of the accounting department, as a group, held a bridal shower for an employee who shared office space with their department. Moreover, the evidence demonstrates that employer did not provide the food for the shower and claimant was not required to attend the event. Finally, unlike the cases discussed above, there is no evidence that employer encouraged these types of celebrations, that they were a tradition in claimant's workplace, that social events, if held, were designed to promote good relations among the employees or that claimant was injured while engaging in an activity or maintaining a skill necessary to the performance of her job. Therefore, claimant has failed to demonstrate that she was furthering employer's business or affairs at the time of her injury.[4]

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 3rd day of May, 2000, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby AFFIRMED.

---

[4]. Although the WCJ failed to make any specific findings of fact regarding these factors, merely concluding that claimant had met her burden of proof and established all elements of her claim, we conclude that a remand is not necessary because the evidence of record is insufficient itself to support a finding that claimant was furthering the business or affairs of her employer at the time of her injury. In reaching this conclusion, we note that it is claimant's burden to prove all necessary elements of her claim. *Inglis House v. Workmen's Compensation Appeal Bd. (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Here, claimant failed to offer sufficient evidence to demonstrate that at the time she was injured she was engaged in the furtherance of her employer's business or affairs.