**Dennis MORGAN, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (VOLKSWAGEN OF AMERICA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 5, 1998.

Decided July 15, 1998.

Alexander J. Jamiolkowski, Pittsburgh, for petitioner.

Gary M. Scoulos, Pittsburgh, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Dennis Morgan (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a workers' compensation judge (WCJ) denying Claimant's reinstatement petition. We affirm.

Claimant sustained a work-related injury to his left shoulder on November 14, 1986 while in the employ of Volkswagen of America (Employer). Claimant thereafter began receiving workers' compensation benefits for total disability pursuant to a notice of compensation payable. On November 16, 1989, Claimant and Employer entered into a supplemental agreement wherein Claimant's benefits were modified to a partial disability rate of $130 per week for 500 weeks to be paid in a lump sum of $65,000. The weekly rate of partial compensation was based upon the stipulation of the parties that Claimant was capable of obtaining work that paid a minimum weekly wage of $427.05.[1] The Board approved the supplemental agreement by granting Claimant's petition for commutation of benefits on November 16, 1989.

On October 25, 1993, Claimant filed a reinstatement petition requesting a review of the supplemental agreement and seeking to set aside the commutation of benefits, arguing that Claimant was unable to obtain employment at a weekly wage of $427.05 and therefore remained totally disabled. Employer opposed Claimant's petition, and the matter

---

1. The partial disability rate of $130 per week and the stipulated ability of Claimant to earn $427.05 per week, when added together, results in the average weekly wage Claimant was earning before his injury.

was assigned to a WCJ who treated Claimant's petition as both a petition to review and a petition for reinstatement. Claimant testified before the WCJ and submitted the deposition testimony of Michael J. Rogal, M.D. Employer submitted the deposition testimony of Roy S. Temeles, M.D.

The WCJ determined that Claimant failed to carry his burden regarding his request for reinstatement of benefits and review of the supplemental agreement. Specifically, the WCJ found that Claimant's disability had not increased or recurred since the date of the supplemental agreement, in accordance with the testimony of both Dr. Rogal and Dr. Temeles, and that Claimant failed to prove that he was totally disabled and not capable of earning wages of at least $427.05 per week when he entered into the supplemental agreement. The Board affirmed, and this petition for review followed. This Court's scope of review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence or whether an error of law or a constitutional violation occurred. *Columbo v. Workmen's Compensation Appeal Board (Hofmann)*, 162 Pa.Cmwlth. 307, 638 A.2d 477 (1994).

Claimant argues that the Board erred by not setting aside the supplemental agreement commuting benefits because the agreement was based upon a material mistake of fact. That mistake was that Claimant was capable of earning a weekly wage of $427.05 per week. Claimant contends that he established the existence of this mistake by his testimony that he has been unable to find employment since the date of the agreement. Claimant therefore argues that he is entitled to total disability benefits from the date of the agreement, November 16, 1989, to the date Claimant was determined to be fully recovered from his work injury, August 17, 1994.[2]

■ A supplemental or commutation agreement may be set aside under either Section 407 or Section 413 of the Workers' Compensation Act (Act), Act of June 2, 1915,

P.L. 736, *as amended,* 77 P.S. §§ 731 and 771 respectively. Section 407 provides that "any agreement ... permitting a commutation of payments contrary to the provisions of this act, or varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void...." 77 P.S. § 731. Section 413 gives the WCJ the authority to set aside an agreement of the parties "if it be proved that such ... agreement was in any material respect incorrect." 77 P.S. § 771. *See also Fulton v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 707 A.2d 579 (Pa.Cmwlth.1998). We have determined that although parties may stipulate to the extent of a claimant's loss of earning power, the stipulation is void under Section 407 if it is false and adversely affects substantial rights to which a claimant is entitled under the Act. *Fulton.* The stipulation may be set aside for these reasons even if, as in this case, the party seeking to void the stipulation entered into it upon advice of counsel. *Id.* Moreover, we have determined that a party may petition to set aside a commutation agreement under Section 413 of the Act. *Id.* That party, however, bears the burden of proving that the agreement was false or materially incorrect. *Id.*

Claimant's sole argument before us is that he demonstrated below that he was unable to obtain employment at $427.05 per week since the date of the supplemental agreement and that the agreement is therefore based upon a material mistake regarding Claimant's earning capacity. Claimant further argues that this material mistake renders the agreement null and void under Sections 407 and 413 of the Act. Claimant therefore contends that the parties are returned to their positions prior to their entering the agreement. *See Reilly v. Workmen's Compensation Appeal Board (General Electric Co.)*, 136 Pa. Cmwlth. 543, 584 A.2d 364 (1990) (A void compensation agreement returns the parties to their status prior to the agreement). Prior to the supplemental agreement, Claimant

---

2. Dr. Temeles, testifying for Employer before the WCJ, declared Claimant to be fully recovered from his work injury as of the date of his examination of Claimant, August 17, 1994. The WCJ found Dr. Temeles to be credible and accepted his testimony regarding Claimant's recovery. Claimant does not challenge the WCJ's findings of fact in this regard.

was totally disabled pursuant to the notice of compensation payable.

The WCJ found, however, that Claimant's evidence did not establish that a material mistake was made in the agreement. The WCJ stated:

Taken as a whole, I find that the evidence of record fails to establish that a mistake of fact was made in calculating the claimant's earning power at the time of the commutation award. I base this finding on the following considerations. First, at the time the commutation was granted, the parties had entered into a supplemental agreement and a stipulation, both of which established that the claimant was partially disabled, with an earning capacity of $427.05 per week. In light of this, I find that the record is void of evidence to indicate that these agreements were not entered into freely, in good faith, or voluntarily. Further, I find that, at the time he accepted the commutation, the claimant disputed neither the stipulated earning capacity of $427.05, or the fact that he was partially, and not totally disabled, and his own testimony establishes that he voluntarily accepted the commutation in order to attend school full-time, and because the work then made available to him by [Employer] was not what he wanted or what he believed he was capable of performing. Finally, I note that no appeal was taken from the Board's decision to grant a commutation in the accepted amount of $65,000.00....

WCJ's Finding of Fact No. 12.

This finding is supported by substantial evidence of record. Of particular significance to us is the fact that at no point did Claimant testify that his inability to obtain employment was the result of his shoulder injury and any disability resulting therefrom. Claimant's testimony clearly establishes that he entered the supplemental agreement and petitioned for a commutation of benefits because he was not interested in or able to work at the jobs offered by Employer and because he wanted to go to school. Claimant's testimony further establishes that his inability to earn the amount stipulated to in the agreement arose from an absence of job offers rather than from any physical disability. The following selections from Claimant's testimony illustrate these points:

Q. Now, why did you accept the commutation at that point?

A. That would enable me to go to school full-time. Prior to that [Employer] was sending me to—wanted to send me to job interviews and take jobs that I didn't think I could either handle or would want. And I wanted to get through school and see if I could better myself.

. . . .

Q. And with the money, were you able to complete your education?

A. Yes, sir.

Q. And did you receive a degree?

A. Associate degree.

. . . .

Q. After completing the course of study, did you attempt then to obtain employment?

A. Yes. I'm with three different agencies. OVR, VCR and Pittsburgh Job Alliance. Along with them I've sent out a total of about 750 resumes to date.

. . . .

Q. To date, how many of all the resumes that you've sent out, how many job interviews have you gone on?

A. Roughly about a dozen.

Q. And of the dozen have you received any offers of employment?

A. No. I'll make it to the second or the third stage in the interview process and I'll be turned down after that.

. . . .

Q. Are you finished with your education, your schooling?

A. Right now, well, I'm still looking for a job, but while I'm looking I'm going to school full-time.

Notes of Testimony (N.T.), January 11, 1993, pp. 6–9.

■ A partial disability is the equivalent of a partial suspension of total disability benefits. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536

Pa. 490, 503, 640 A.2d 386, 392 (1994) ("[A]n award of benefits for partial disability may be viewed as a 'partial suspension' of benefits"). In order for a claimant to lift a suspension of benefits, he or she must prove that, through no personal fault, his or her earning power is once again adversely affected by the injury that gave rise to the original claim and that the disability that gave rise to the original claim continues. *Id.* It follows that for a claimant to prove that he or she was totally disabled as opposed to partially disabled as stated in an agreement, the claimant must show that through no personal fault his or her earning power was, at the time, adversely affected by the original injury and that his or her disability continued.

Claimant has not demonstrated that his inability to earn the weekly wage to which he stipulated was the result of a disability arising from his work-related shoulder injury. Claimant's evidence establishes only that he did not earn the stipulated wage because he was attending school and was not extended an offer for employment despite his search. At no point does the evidence link Claimant's work injury with his inability to find employment. Further, no medical evidence was introduced to show that Claimant was totally disabled at the time he entered the agreement or at any time thereafter. Finally, the evidence established that Claimant was earning, during the period following his entering into the supplemental agreement, seasonal income from an in-home income tax service. N.T., October 25, 1993, pp. 7–8; N.T., September 16, 1994, p. 12. When a claimant earns some wages, he or she cannot be considered totally disabled, which is defined as an inability to earn *any* wage. *Hartner v. Workmen's Compensation Appeal Board (Phillips Mine & Mill, Inc.)*, 146 Pa. Cmwlth. 167, 604 A.2d 1204, *petition for allowance of appeal denied*, 531 Pa. 662, 613 A.2d 1210 (1992).

Accordingly, the Board did not err by not setting aside the commutation of benefits and supplemental agreement. The Board's order is therefore affirmed.

*ORDER*

AND NOW, this 15th day of July, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.