J-S38042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KEVIN WILLIAMS A/K/A KIRBY STEWART | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 171 MDA 2020 |
| JOSEPH C. MADENSPACHER, DONALD R. TOTARO, LAWRENCE F. STENGEL,  CHRISTOPHER HACKMAN, VICKI S. BOMGARDNER, MARK F. WALMER AND THOMAS A. KISS | : | |

Appeal from the Order Entered January 14, 2020
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-16-01014

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED OCTOBER 23, 2020**

Appellant, Kevin Williams A/K/A Kirby Stewart, appeals from the Order entered by the Court of Common Pleas of Lancaster County quashing his *pro se* "Praecipe for Petition for Return of Property."  We affirm.

The trial court sets forth an apt recitation of pertinent facts and procedural history, as follows:

> On February 5, 2016, Williams [hereinafter "Appellant"], a convicted murderer,[fn 1] filed, *pro se*, a civil complaint averring that his 1999 arrest and incarceration violated his Constitutional rights and the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961, *et seq*.  Allegedly, [the above-named Defendants, who include a District Judge, a Judge of the

_____

[*] Former Justice specially assigned to the Superior Court.

Court of Common Pleas of Lancaster County, and the District Attorney and Assistant District Attorney of Lancaster County] ordered [Defendant Detective] Thomas Kiss to ["]kidnap["] Williams on July 1, 1999.fn 2 Complaint at ¶ A. Appellant concluded all named Defendants made an agreement with one another to unlawfully arrest, detain, extradite, and imprison him in November 1998 or March 1999. Complaint at ¶ B. He further claimed that each Defendant lacked an "Oath of Office," and, therefore, the required authority to take these actions. *Id*. at ¶ C.

---

FN 1. On February 18, 1999, Appellant was charged at Docket No. 4395-1999 with one count of criminal homicide, arising from the shooting death of Kirkland Hardy on January 18, 1999, in Lancaster City. Appellant, the head of a drug trafficking enterprise, ordered his associates to execute Hardy in retaliation for Hardy's robbery of guns, cocaine and counterfeit money from a crack house maintained by Williams.

FN 2. On March 12, 1999, Appellant was arrested as a fugitive from Pennsylvania in Kings County, New York, pursuant to an outstanding arrest warrant that was issued on February 18, 1999, based on the criminal complaint filed in the case. Following extradition procedures, and preliminary arrangement, Appellant was incarcerated in the Lancaster County Prison on July 1, 1999.

---

Based on these alleged actions, Appellant asserted violations of his right under the 4th and 14th Amendments of the United States Constitution and that Defendants violated the RICO Act. Complaint at ¶ E. He sought $680,000.00 in compensatory damages and $7,000,000.00 in punitive damages. *Id.* at ¶¶ at I, J.

Contemporaneously filed with the *pro se* complaint was a request for *in forma pauperis* status. Then-President Judge Dennis E. Reinaker entered an order on February 9, 2016, denying the request pursuant to Pa.R.Civ.P. 240(j)(1).fn 3 On August 30, 2016, Appellant filed an "Application for Notice of Appeal *Nunc Pro Tunc*" from the order denying him *in forma pauperis* status. The appeal was docketed in the Superior Court of Pennsylvania on September

13, 2016. The Superior Court dismissed Appellant's appeal on November 10, 2016, for failure of Appellant to comply with Pa.R.A.P. 3517.[fn 4] Meanwhile, on September 30, 2016, a judgment of *non pros* was entered against Appellant pursuant to Pa.R.C.P. 240(c)(1)(ii), for failure to pay the required filing fees for the civil complaint following the denial of his *in forma pauperis* petition on February 9, 2016.[fn 5]

---

FN 3. Rule 240(j)(1) provides: "If, simultaneous with the commencement of an action . . ., a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action . . . if the allegation of poverty is untrue or if it is satisfied that the action . . . is frivolous." Pa.R.Civ.P. 240(j)(1). A frivolous action has been defined as "[o]ne that 'lacks an arguable basis either in law or in fact.'" Note to Pa.R.Civ. P. 240 (*citing* **Neitzke v. Williams**, 490 U.S. 319 (1989)). An action is frivolous under this provision, if, on its face, it does not set forth a valid cause of action. **Bailey v. Wakefield**, 933 A.2d 1081, 1083-84 (Pa. Cmwlth 2007) (citing **Keller v. Kinsley**, 609 A.2d 567 (Pa. Super. 1992)). Based on the facts, [the trial court concluded] Appellant's complaint was frivolous because it failed to set forth valid causes of action against the named Defendants for violations of the United States Constitution and the RICO Act. Accordingly, his request to proceed *in forma pauperis* was [ ] denied.

FN 4. Rule 3517 provides, in relevant part: "Whenever a notice of appeal to the Superior Court is filed, . . . a docketing statement form . . . shall be completed and returned within ten (10) days . . . . Failure to file a docketing statement may result in dismissal of the appeal." Pa.R.A.P. 3517.

FN 5. Rule 240(c)(1)(ii) provides generally that if a court denies a party's petition to proceed *in forma pauperis*, the party must pay the filing fee. If the party does not pay the filing fee, the prothonotary, no sooner than 10 days after the denial, "shall enter a judgment of *non pros* in the action.' Pa.R.C.P. 240(c)(1)(ii).

---

On January 10, 2020, Appellant filed a "Praecipe for Petition for the Return of Property," directing the Prothonotary to issue the "Petition for Return of Property" against Defendants. There was, however, no petition attached to the praecipe. There was a proposed order asking that a rule be issued upon Defendants to show cause why Appellant was not entitled to the relief requested in the (unattached) petition.

On January 13, 2020, [the trial court] entered an Order quashing Appellant's *pro se* "Praecipe for Petition for Return of Property" for failure to follow the Pennsylvania Rules of Civil Procedure 206.1-206.6. Appellant filed a timely [*pro se*] notice of appeal to the Superior Court on January 27, 2020.[fn 6.]

---

FN 6. The pleading is deemed filed on the date of mailing, January 22, 2020, rather than the date of docketing, January 27, 2020, pursuant to the "prisoner mailbox rule." ***See Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

---

Trial Court Opinion, 1/28/20, at 1-3.

In Appellant's *pro se* brief, [1] he contends his "Praecipe for Petition for the Return of Property" was proper in all respects and, thus, undeserving of quashal pursuant to Pa.R.Civ.P. 201-205. We disagree.

---

[1] Appellant filed a *pro se* notice of appeal on January 27, 2020, from the trial court's January 13, 2020 order denying his petition for return of property. The trial court had previously denied Appellant's petition to proceed *in forma pauperis*. On March 27, 2020, Appellant filed a petition to proceed *in forma pauperis* in this Court. As his petition was previously denied in the trial court, this Court entered an order on March 30, 2020, directing the trial court to enter a statement of reasons as to why the petition was denied pursuant to Pa.R.A.P. 552(e). The trial court complied via an April 16, 2020 order indicating that the application was denied due to frivolity of the underlying action. As the trial court denied the motion due to frivolity, this Court entered

Our review of the record reveals that Appellant's "Praecipe for Petition for the Return of Property" directed the "Clerk/Prothonotary of the Said Court: Issue the 'Petition for the Return of Property,' in the above-captioned matter, (1) Against the Defendant's [sic] the Commonwealth of Pennsylvania, c/o Lancaster County, Pennsylvania, the Defendant's [sic] in the above-captioned matter." Appellant's Praecipe for Petition, dated 1/10/20. Attached to the Praecipe for Petition was Appellant's proposed Order, made "upon consideration of the "Petition for the Return of Property,'" and issuing upon the Defendants a Rule to Show Cause as to why Appellant is not entitled to the relief requested.

As both Appellant's Praecipe and proposed Order centered on a *petition*, represented his first civil filing since the trial court entered judgment of *non pros* against him four years earlier, and sought the issuance of a Rule to Show Cause upon Defendants that substantially tracked the "Form of Order" prescribed by Pennsylvania Rule of Civil Procedure 206.5(d), *infra*, the trial court appropriately construed Appellant's filing as one implicating

---

an order on May 8, 2020, deferring the matter to the present merits panel. Because Appellant's appeal alleges the same Lancaster County conspiracy theory appropriately deemed frivolous by the trial court, and as we otherwise find the trial court reasonably quashed Appellant's "Praecipe for Petition to Return Property" for Appellant's failure to adhere to required petition practice under the Pennsylvania Rules of Civil Procedure, **see** *infra*, we deny Appellant's petition to proceed *in forma pauperis*.

Pennsylvania Rules of Civil Procedure 206.1 to 206.6.[2]  Notably absent from

Appellant's filing, however, was a petition setting forth grounds for relief by

_____

[2] Specifically, Rules 206.1, 206.4, and 206.5 provide, in pertinent part:

**Rule 206.1**. **Petition. Definition. Content. Form**

(a) As used in this chapter, "petition" means

    (1)   an application to strike and/or open a default judgment or a judgment of *non pros*.

   . . .

(b) A petition shall specify the relief sought and state the material facts which constitute the grounds therefor.  All grounds for relief, whether to strike or open a default judgment, shall be asserted in a single petition.

. . . .

**Rule 206.4. Rule to Show Cause. Alternative Procedures. Exception**

(a)(1) Except as provided by subparagraph (2), a petition shall proceed upon a rule to show cause, the issuance of which shall be discretionary with the court as provided by Rule 206.5 unless the court by local rule adopts the procedure of Rule 206.6 providing for issuance as of course.

. . . .

**Rule 206.5. Rule to Show Cause. Discretionary Issuance. Stay. Form of Order. Rule Inapplicable to Petition to Strike Default Judgment**
. . .

(b) A petitioner seeking the issuance of a rule to show cause shall attach to the petition a proposed order in the form prescribed by subdivision (d) and give notice to all other parties of the intention to request the court to issue the rule.

identifying the property in question and averring the facts and circumstances causing the undue taking of such property, as required under Pa.R.Civ.P. 201 and 206.1(b).

In light of Appellant's failure to file with the court a petition satisfying the requirements of the applicable procedural rules, we discern no abuse of discretion in the trial court's decision to quash Appellant's Praecipe for Petition

_____

(c) If the petition is within the scope of Rule 206.1(a), is properly pleaded, and states *prima facie* grounds for relief, the court shall enter an order issuing a rule to show cause and may grant a stay of proceedings.

(d) The form of order required by subdivision (b) shall be substantially in the following form:

**(CAPTION)**
**ORDER**
AND NOW, this _____ day of _____, _____, upon consideration of the foregoing petition, it is hereby ordered that

(1) a rule is issued upon the respondent to show cause why the petitioner is not entitled to the relief requested;
(2) the respondent shall file an answer to the petition within _____ days of this date;
(3) the petition shall be decided under Pa.R.C.P. No. 206.7;
(4) depositions shall be completed within _____ days of this date;
(5) argument shall be held on _____, _____ in Courtroom _____ of the _____ County Courthouse; and
(6) notice of the entry of this order shall be provided to all parties by the petitioner.

BY THE COURT:
. . . .

Pa.R.C.P. Nos. 206.1, 206.4, and 206.5

as fatally noncompliant with the above-cited Pennsylvania Rules of Civil Procedure.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/2020