IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary Spada,                          :
               Appellant                  :
                                :
          v.                             :
                                :
Pennsylvania Department                 :   No. 454 C.D. 2021
of Corrections                          :   Submitted: September 17, 2021


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: January 20, 2022


      Zachary Spada (Spada) appeals from the March 12, 2021, order of the Court of Common Pleas of Clearfield County (trial court). The trial court dismissed Spada's complaint against the Department of Corrections (Department), which was based on the Department's refusal to allow him to participate in a paralegal correspondence course. Upon review, we affirm.

## I. Factual & Procedural Background

      The facts as described by Spada in his complaint[2] are not in dispute. In December 2020, Spada, an inmate at the State Correctional Institution at Houtzdale

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] Spada styled his pleading as a Petition for Writ of Mandamus, which lies only to compel official performance of a ministerial act or mandatory duty. *Brown v. Levy*, 73 A.3d 514, 516 n.2

(SCI-Houtzdale), applied to the principal of the prison's education department for permission to take a correspondence course in paralegal studies (at his own expense) through the Blackstone Career Institute. Complaint ¶ 15; Original Record (O.R.) #2. Spada's application was denied because his record included three disciplinary misconduct entries within the six months before his application. *Id*. ¶ 16; O.R. #2. He filed a grievance asserting that he should be permitted to take the course and receive the course materials, which he averred were not contraband, through the mail. *Id*. ¶¶ 16-17; O.R. #2. His grievance was ultimately denied because the application requires consideration by the principal of the inmate's disciplinary record and if there are misconduct events within six months of the application, as in Spada's case, the application may be denied. Dep't's Final Appeal Decision, 2/17/21; O.R. #2 (Ex. B).[3]

On March 1, 2021, Spada timely filed a petition in the trial court for leave to proceed *in forma pauperis* and a complaint alleging that the Department's refusal to allow him to participate in the correspondence course or to receive its materials through prison mail violated his First Amendment rights and was not reasonable because the policy did not serve a legitimate penological interest. Complaint ¶¶ 21-36 (referencing U.S. Const. amend. I); O.R. #2.

---

(Pa. 2013). Where the underlying action by the official entails the exercise of discretion, a mandamus action is not appropriate. *Chadwick v. Dauphin Cnty. Off. of the Coroner*, 905 A.2d 600, 603-05 (Pa. Cmwlth. 2006). The trial court therefore treated Spada's filing as a complaint based on the Department's discretionary denial of his application to take a post-secondary correspondence course. *See* Pa.R.Civ.P. 126 (court may disregard procedural error or defect that does not affect substantial rights of parties).

[3] The Department's Final Appeal Decision denying Spada's grievance completed his obligation to exhaust his administrative remedies before filing an action in the trial court. *See Paluch v. Palakovich*, 84 A.3d 1109, 1113-14 (Pa. Cmwlth. 2014).

The trial court rejected Spada's arguments, stating that access to post-secondary education is not a fundamental or constitutional right under either the Pennsylvania or United States Constitutions. Trial Ct. Order, 3/12/21, at 3 (citing *Lisa H. v. State Bd. of Educ.*, 447 A.2d 669, 672-73 (Pa. Cmwlth. 1982), *aff'd per curiam*, 467 A.2d 1127 (Pa. 1983)); O.R. #1. As such, the Department's policy of limiting inmates' access to post-secondary educational courses to those with clean disciplinary records did not require further analysis under *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), which sets forth the test for whether a prison policy or regulation that impinges on an inmate's constitutional rights is nevertheless reasonable. Trial Ct. Order at 3; O.R. #1.

The trial court also rejected as unripe Spada's allegation that the Department refused to allow him to receive the course materials through prison mail, because Spada had not asserted that the materials (apart from the course) were actually requested or sent and then rejected by the Department. Trial Ct. Order at 2-3; O.R. #1. The trial court added that even if the issue was ripe for adjudication and entailed a cognizable constitutional violation, inmates' rights with regard to incoming mail are not unlimited and the Department's policy of restricting inmate mail from unapproved senders serves a legitimate penological interest in security sufficient to satisfy the *Turner* analysis. *Id.* The trial court therefore dismissed Spada's complaint pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), which allows dismissal of a complaint prior to trial if the allegations have no merit as a matter of law.[4] *Id.* at 1 (citing Pa.R.Civ.P. 240(j)(1)).

---

[4] "If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." Pa.R.Civ.P. 240(j)(1). An

Spada appealed the trial court's order in a timely fashion to the Superior Court, which noted Spada's stated intention in his Notice of Appeal to appeal to this Court and transferred it to this Court.

## II. Spada's Argument

Spada alleges that the Department refused to allow him to receive the paralegal course materials through inmate mail and therefore violated his First Amendment rights. Spada's Br. at 8-9. He cites *Procunier v. Martinez*, 416 U.S. 396 (1974), and *Thornburgh v. Abbott*, 490 U.S. 401 (1989), in support of his claims that prisoners have a First Amendment right and a due process liberty interest in receiving mail from outside prison walls. *Id*. Spada argues that because the Department's actions impinged on his constitutional rights, that the trial court should have engaged in a full application of the *Turner* reasonableness test, which Spada maintains would have resulted in a finding in his favor.[5] *Id*.

## III. Discussion

### A. Permission to Take Correspondence Course

We apply a two-step approach when assessing an inmate's constitutional challenge to a Department policy or action. *Bussinger v. Pa. Dep't of Corr.*, 29 A.3d 79, 83 (Pa. Cmwlth. 2011), *aff'd*, 65 A.3d 289 (Pa. 2013) (citing *Brown v. Pa. Dep't of Corr.*, 932 A.2d 316, 318 (Pa. Cmwlth. 2007)). First, we determine whether the challenged policy infringes upon any of the inmate's constitutional rights. *Id*. If so, the second step is to determine whether the policy is

---

action is "frivolous" for the purposes of Rule 240(j) if it "lacks an arguable basis either in law or in fact" and therefore does not set forth a valid cause of action. *Bailey v. Wakefield*, 933 A.2d 1081, 1083-84 (Pa. Cmwlth. 2007).

[5] In an August 11, 2021, letter to this Court, the Department advised that it would not be participating in Spada's appeal because the trial court dismissed Spada's complaint prior to its service on the Department.

reasonably related to legitimate penological interests. *Id*. (citing *Brittain v. Beard*, 974 A.2d 479 (Pa. 2009) & *Turner*, 482 U.S. at 78).[6]

In general, access to education is not guaranteed under the United States Constitution and is not, therefore, considered to be a fundamental right or liberty. *Lisa H.*, 447 A.2d at 672 (citing *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1 (1973)). However, the Pennsylvania Constitution imposes a duty on the legislature to "provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth." Pa. Const. art. III, § 14. As such, through Sections 1301 and 1326-1330 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 1-101 – 27-2702, the General Assembly has established a statutory right to participate in public education along with compulsory attendance requirements. *See* 24 P.S. §§ 13-1301 & 13-1326-1330. However, our Supreme Court has stated clearly that "[n]either the United States Constitution nor the Pennsylvania Constitution provides an individual right to post-secondary education." *Curtis v. Kline*, 666 A.2d 265, 268 (Pa. 1995).

Here, the trial court concluded that since Pennsylvania does not consider post-secondary education to be a protected constitutional right, restricting access to such courses when inmates sustain disciplinary marks within six months prior to requesting such access did not give rise to the need for a judicial constitutional analysis. We agree.

Spada sought to enroll in a paralegal certificate course offered through the Blackstone Career Institute, whose website states that in order to be eligible for

---

[6] If the second step is reached, we consider: (1) whether there is a "valid, rational connection" between the prison policy and the legitimate governmental interest asserted to justify it; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the asserted constitutional right will have on guards, inmates, and prison resources; and (4) whether there are "ready alternatives" to the policy that would accommodate prisoners' rights at *de minimis* cost to penological interests. *Bussinger*, 29 A.3d at 84.

5

admission to any of its programs, a prospective student must submit either proof of high school graduation or a GED certificate. *See* Blackstone Career Institute Admission Policies, https://blackstone.edu/about-us/academic-information/admissions/ (last visited January 19, 2022). Thus, the class Spada sought to take is clearly of a post-secondary nature and Spada has neither a constitutional right nor a statutory entitlement to access that level of educational offerings. The Department was therefore within its discretion to treat Spada's application as a request for a privilege that was subject to denial based on his disciplinary record.[7] *See Brown v. Pa. Dep't of Corr.*, 913 A.2d 301, 302 (Pa. Cmwlth. 2006) (inmate's yard privileges revoked due to misconduct for failure to obey corrections officer's order to remove obstructions from inmate's cell door windows); *see also Bronson v. Cent. Off. Rev. Comm.*, 721 A.2d 357, 358 (Pa. 1998) ("[I]nternal prison operations are more properly left to the legislative and executive branches" and "prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference."). The trial court did not err in rejecting Spada's complaint in this regard.

## B. Receipt of Course Materials by Mail

The doctrine of ripeness "is a judicially-created principle which mandates the presence of an actual controversy." *Bayada Nurses, Inc. v. Dep't of Lab. & Indus.*, 8 A.3d 866, 874 (Pa. 2010). Judicial resources should be conserved and expended for problems that are "real and present or imminent, not squandered

---

[7] Section 4(B)(4)(d) of Department Policy 801 ("Inmate Discipline") states that a Class I Misconduct finding may result in "loss of privileges for up to 180 days." https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/801%20Inmate%20Discipline.pdf (last visited January 19, 2022). The list of privileges subject to sanction for misconduct is not exclusive, but can include access to "television, radio, tablets, other electronic equipment (excluding typewriters), telephone, commissary, yard and blockout, and/or visitation." *Id.*

6

on problems that are abstract or hypothetical or remote." *Nieves v. Pa. Bd. of Prob. & Parole*, 983 A.2d 236, 241 (Pa. Cmwlth. 2009). "In the context of administrative law, the basic rationale of ripeness is to prevent the courts, through the avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and to protect state agencies from judicial interference until an administrative decision has been formalized and its efforts felt in a concrete way by the challenging parties." *Bayada Nurses*, 8 A.3d at 874. A matter is ripe for judicial review where the issues are adequately developed and a party will suffer hardship by a delay of review. *Id.*

Here, Spada alleges that the Department refused to allow him to receive the paralegal course materials from the Blackstone Career Institute and therefore unreasonably violated his First Amendment right to receive non-contraband incoming mail. Spada's Br. at 8-9. The trial court concluded that Spada "has not actually alleged that the course materials were sent to [him] through the mail and that the [Department] rejected those materials. Therefore, this issue is not yet ripe for review." *Id.* at 3.

The Department's initial and final decisions issued in response to Spada's grievance both summarized and denied his allegations as based on the prison authorities' denial of his application to take the paralegal correspondence course. *See* Dep't's Initial Review Response, 1/13/21; O.R. #2 (Ex. A) & Dep't's Final Appeal Decision, 2/17/21; O.R. #2 (Ex. B). The final decision also notes Spada's assertion that "there is nothing in [Department] policy DC-ADM 803 ["Inmate Mail and Incoming Publications"] that restricts [him] from receiving such correspondence." Dep't's Final Appeal Decision, 2/17/21; O.R. #2 (Ex. B). Both decisions denied Spada's grievance on grounds that the misconduct marks on his

7

disciplinary record disqualified him from access to post-secondary education opportunities.

The prison and Department authorities did not err or violate Spada's constitutional rights with regard to incoming mail. Spada's request to receive the paralegal course materials was part and parcel of his request to take the course, which the Department had discretion to refuse based on Spada's disciplinary record. Had Spada been approved to take the paralegal correspondence course, which is geared towards inmates, there is no indication that he would not also have been allowed to receive the course materials as long as they were properly screened and processed by the Department. Therefore, to the extent Spada now argues that he has a constitutional right to receive the course materials independently of participation in the course itself and that the Department refused his request, the trial court did not err in finding that particular issue unripe for judicial consideration.

### C. Dismissal via Pa. Rule of Civil Procedure 240(j)(1).

Rule 240(j)(1) states that "[i]f, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." Pa.R.Civ.P. 240(j)(1). An action is frivolous under this provision, if, on its face, it does not set forth a valid cause of action. *Bailey v. Wakefield*, 933 A.2d 1081, 1083-84 (Pa. Cmwlth. 2007). Appellate review of a trial court's decision to dismiss an action pursuant to Rule 240(j)(1) is limited to determining whether the appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015).

8

Here, the trial court stated: "Because [Spada] has not asserted a constitutional violation that is ripe for review, nor has he established a violation of a protected constitutional right, this Court finds that [Spada's] Complaint is frivolous. In accordance with [Rule 240(j)(1)], [Spada's] Complaint is dismissed with prejudice." Trial Ct. Order at 4; O.R. #1. As discussed above, Spada did not establish a constitutional right to take the post-secondary paralegal correspondence course; he also has not asserted that he requested the course materials independently of taking the course and that request was denied by the Department. His allegation that his constitutional right to receive incoming mail was violated is therefore unripe. As such, the trial court did not err in dismissing his complaint pursuant to Rule 240(j)(1).

## IV. Conclusion

In light of the foregoing, the trial court's dismissal of Spada's complaint is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zachary Spada, : 
               Appellant : 
                : 
          v. : 
                : 
Pennsylvania Department :   No. 454 C.D. 2021
of Corrections : 

# O R D E R

AND NOW, this 20th day of January, 2022, the Order of the Court of Common Pleas of Clearfield County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge