# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine Walker, : 
        Appellant :
: No. 475 C.D. 2024
        v. :
: Submitted: March 4, 2025
SCI-Greene Psychology Department, :
Staff/Supervisors :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                           **FILED:  April 7, 2025**

Antoine Walker (Appellant) appeals from the order entered by the Court of Common Pleas of Greene County (trial court) on April 10, 2024, which dismissed a petition for writ of mandamus by Appellant as frivolous pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act (PLRA),[1] 42 Pa.C.S. § 6602(e)(2). Upon review, we remand for the trial court to consider whether to accept *nunc pro tunc* a statement of errors complained of on appeal.

## I. BACKGROUND[2]

Appellant is an inmate in the custody of the Pennsylvania Department of Corrections (DOC). He is currently incarcerated at the State Correctional Institution at Greene (SCI-Greene).

---

[1] 42 Pa.C.S. §§ 6601-6608.

[2] We derive this background from Appellant's petition and its attached exhibits. *See* Pet. for Writ of Mandamus, 3/25/24.

In March and April 2023, Appellant filed requests with prison staff that mental health service providers refrain from disclosing his private and confidential mental health records in the presence of corrections officers. In October and November 2023, Appellant filed several requests to view his mental health records to ensure their accuracy. Dissatisfied with the responses to these requests, in November 2023, Appellant filed a grievance against the supervisory staff of the SCI-Greene Psychology Department, asserting his right to review these records.

The facility grievance coordinator denied Appellant's grievance, concluding that these records were not subject to Appellant's review suggesting that Appellant was "erroneously applying the medical review process to [mental health] records." Pet. for Writ of Mandamus, Ex. D. Appellant appealed to the facility manager, which upheld the denial, and Appellant's subsequent appeal to DOC was similarly denied.

Appellant then petitioned the trial court for mandamus relief, asking that the trial court direct the supervisors and staff of the SCI-Greene Psychology Department (Appellees) to grant Appellant access to his mental health records so that he may add any written reactions . . . or rebutting [sic] any info in his records that he deems misleading or erroneous . . . ." *Id.*, Wherefore clause.[3] In support of his petition, Appellant cited regulations adopted to administer the Mental Health Procedures Act. Act of July 9, 1976, P.L. 814, *as amended*, 50 P.S. §§ 7101-7503 ("Mental Health Act").[4]

---

[3] Appellant also requested declaratory relief (recognizing a violation of his rights under the United States Constitution, Pennsylvania statutes and regulations), $25,000 in damages and reimbursement of all fees, a "bench trial on all issues triable by a jury," and any other proper relief. *Id.*

[4] Principally, Appellant relied upon 55 Pa. Code §§ 5100.31(a), (f), 5100.33(b), (f). *See* Pet. for Writ of Mandamus at 3-5. Section 5100.31 provides in relevant part:

Upon review, the trial court observed that Appellant's petition challenged conditions of his confinement and, specifically, policies applicable to his mental health records. Trial Ct. Order, 4/10/24, at 2-3 (citing 42 Pa.C.S. § 6601). Reasoning that DOC policies and procedures are implemented without court involvement, that Appellant utilized the administrative remedies available to him, and that this Court has offered prior guidance in regard to inmate mental health records, the trial court dismissed Appellant's petition as frivolous pursuant to 42 Pa.C.S. § 6602(e)(2), for failure to state a claim upon which relief may be granted. *Id.* at 3-5 (citing *DuBoise v. Rumcik*, 277 A.3d 1221 (Pa. Cmwlth. 2022)).

---

(a) This chapter applies to records of persons seeking, receiving or having received mental health services from any facility as defined in section 103 of the act (50 P. S. § 7103).

. . .

(f) Records of a person receiving mental health services are the property of the hospital or facility in which the person is or has received services. The person who is or was receiving services shall exercise control over the release of information contained in his record except as limited by § 5100.32 (relating to nonconsensual release of information), and be provided with access to the records except to the limitations under § 5100.33 (relating to patient's access to records and control over release of records).

55 Pa. Code § 5100.31. Section 5100.33 provides in relevant part:

(b) The term "access" when used in this section refers to physical examination of the record, but does not include nor imply physical possession of the records themselves or a copy thereof except as provided in this chapter.

. . .

(f) If a person wishes to enter a written reaction qualifying or rebutting information in their records which they believe to be erroneous or misleading, they shall have the right to prepare such statement for inclusion as part of their record. The patient's written reaction shall accompany all released records.

55 Pa. Code § 5100.33.

Appellant timely appealed.[5]  On April 19, 2024, the trial court directed Appellant to file and serve upon the trial judge a Pa.R.A.P. 1925(b) statement within 21 days, but having received no response, issued a statement on May 23, 2024, relying on its prior order and directing the prothonotary to forward the record to this Court.  Trial Ct. Order, 4/19/24; Trial Ct. Statement, 5/23/24.

## II. DISCUSSION[6]

Initially, we must address Appellant's apparent failure to file a Rule 1925(b) statement.  If a judge who has entered an order that precipitates an appeal "desires clarification of the errors complained of on appeal," the judge may direct the appellant to file of record and serve on the judge a concise statement identifying those issues the appellant will pursue.[7]  Pa.R.A.P. 1925(b).  Provided the judge's order complies with the requirements of Rule 1925(b)(3), an appellant's compliance is mandatory.  *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1012 (Pa. 2010); *Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002); *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998); *Mojica v. SCI-Mahanoy Sec.*, 224 A.3d 811 (Pa. Cmwlth.

---

[5] Appellant filed his notice of appeal on April 17, 2024.  Notice of Appeal, 4/17/24. Thereafter, Appellant sought reconsideration of the trial court's order, which was denied.  *See* Mot. for Recon., 4/19/24; Trial Ct. Order, 4/23/24.

[6] Generally, we review the trial court's decision to dismiss a complaint as frivolous to determine whether constitutional rights have been violated, the trial court abused its discretion, or the trial court committed an error of law. *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.4 (Pa. Cmwlth. 2007).  "A decision that a plaintiff has failed to state a cause of action in mandamus, however, is subject to plenary review, inasmuch as the lower court has decided that the complaint, as a matter of law, does not make out a claim for relief." *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001).  Additionally, we may rely on unreported decisions of this Court for their persuasive value. *See* Pa.R.A.P. 126(b).

[7] The trial judge is not required to direct an appellant's compliance with Rule 1925.  Further, we note that Rule 1925 instructs appellants to provide "non-redundant, *non-frivolous issues* . . . in an appropriately concise manner . . . ." Pa.R.A.P. 1925(b)(iv) (emphasis added).  Thus, in those cases a court determines that a litigant's complaint is frivolous for failure to state a claim upon which relief may be granted, there may be little benefit in directing Rule 1925(b) compliance.

2020); *Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400 (Pa. Cmwlth. 2007). Issues not included or properly raised are waived. *Berg*; *Butler*; *Lord*; *Egan*; Pa.R.A.P. 1925(b)(4)(vii).

However, "in extraordinary circumstances," the trial judge may permit an appellant to file a Rule 1925(b) statement *nunc pro tunc*. Pa.R.A.P. 1925(b)(2)(i). Further, "upon application of the appellant and for good cause shown," this Court may remand in a civil case for filing and service of a statement *nunc pro tunc*. Pa.R.A.P. 1925(c)(2); *see also, e.g.*, *Greco v. City of Wilkes-Barre* (Pa. Cmwlth., No. 1425 C.D. 2019, filed May 18, 2020) (*Greco* Order) (remanding an appellant's application for disposition in the trial court).[8] While "good cause" is not defined, *nunc pro tunc* relief is generally permitted only when there has been a breakdown in the process constituting extraordinary circumstances or some other non-negligent circumstances related to the appellant's efforts. *See* Pa.R.A.P. 1925, Note.

Upon reviewing the record and observing that Appellant may not have filed a Pa.R.A.P. 1925(b) statement, this Court directed the parties to address whether Appellant had waived all issues on appeal.[9] Cmwlth Ct. Order, 6/24/24. However, prior to this Court's order, Appellant had filed a "declaration," asserting that he had mailed a Pa.R.A.P. 1925(b) statement more than once, attached a monthly account statement indicating that postage had been deducted from Appellant's account on April 23 and 29, 2024, and further stating that he had identified several errors. *See* Appellant's Declaration, 6/3/25 (docketed 6/7/24). According to Appellant, the trial court had erred in denying his reconsideration,

---

[8] Prison conditions litigation and related appeals are civil in nature. *See* 42 Pa.C.S. § 6601.

[9] In response, Appellees have advised the Court that they will not participate in this appeal, as the matter was dismissed by the trial court prior to service. Appellees' Notice of Non-participation, 8/1/24.

dismissing his petition prematurely, and misinterpreting the relevant law; further, Appellant maintained that he "did in fact state a claim." *Id.* Additionally, and subsequent to this Court's order, Appellant filed a second declaration, again asserting his compliance with the trial court's order, suggesting that he would resend the statement "if needed" and submitting cash slip receipts for postage that correspond to Appellant's account statement. *See* Appellant's Declaration, 8/2/24 (docketed 8/8/24). We further observe that Appellant's initial attempt to file this second declaration was returned to Appellant and stamped as undeliverable. *See id.*

We view Appellant's declarations as an application for *nunc pro tunc* relief. *See* Pa.R.A.P. 1925(c)(2); *Greco* Order. Accordingly, before addressing the merits of this appeal, we remand this matter for Appellant to seek *nunc pro tunc* relief from the trial court.

_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine Walker, :
        Appellant :
       : No. 475 C.D. 2024
      v. :
       :
SCI-Greene Psychology Department, :
Staff/Supervisors :

## **O R D E R**

AND NOW, this 7th day of April, 2025, this matter is REMANDED to the Greene County Court of Common Pleas (trial court) to consider whether to grant Antoine Walker (Appellant) *nunc pro tunc* relief. *See* Pa.R.A.P. 1925(c)(2).

Appellant shall file a motion for *nunc pro tunc* relief, with his "Statement of Errors Complained of on Appeal" pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) appended thereto, in the trial court within 21 days of the date of this Order and shall concurrently serve copies of the motion and statement on the trial court judge and the other parties pursuant to Rule 1925(b)(1).

The trial court shall dispose of the motion and, if necessary, conduct an evidentiary hearing, within 60 days of the date of this Order. The trial court shall transmit a supplemental record to this Court within 90 days, including its order disposing of the motion and a supplemental opinion pursuant to Rule 1925(a), Pa.R.A.P. 1925(a), if filed.

Jurisdiction is retained.

_____
**LORI A. DUMAS, Judge**